| 27 | 263 |
| 125 | 188 |
| 127 | 499 |
| 27 | 263 |
| 137 | 672 |

| 27 | 263 |
| 166 | 474 |

DUMONT v. DUFORE.

SUIT TO QUIET TITLE.—PLEADING.—Where, in a suit to quiet the title to lands, the complaint alleges that the plaintiff is the owner in fee simple, and that the defendant asserts an unfounded claim of title in the premises, it is sufficiently shown, under the statute, that the claim of the defendant is "adverse" to the plaintiff.

IMMORAL CONTRACT.—The law will not give its aid to either party to enforce an immoral contract; and when the contract is executed, neither party can have any remedy against the other to be restored to his former condition.

SAME.—CHAMPERTY.—*Quære*, whether champertous contracts between attorney and client are exceptions to this rule.

SUIT TO QUIET TITLE.—Where, in a suit to quiet title, it appears that the statute of limitations has run against the plaintiff's right to recover possession, a court of equity will not grant a decree to quiet the title.

STATUTE OF LIMITATIONS.—TENANTS IN COMMON.—The possession by one as a tenant in common of lands for twenty years, is a bar to an action by a co-tenant, who was also in possession, to recover the whole premises.

SAME.—EVIDENCE.—To an action to quiet the title to lands, the defendant answered, claiming title to an undivided one-third, under a deed from the plaintiff's grantor, and alleging possession under the deed for twenty years. On the trial, the defendant offered in evidence a deed executed jointly by himself and the plaintiff's grantor for a part of the property.

*Held,* that the evidence was admissible, as tending to show the defendant's claim of title, and a recognition of it by the plaintiff's grantor.

APPEAL from the *Switzerland* Circuit Court.

FRAZER, J.—This was an action to quiet the title to fourteen town lots, and a parcel of ground thereto adjoining, in the town of *Vevay.* It was alleged in the complaint that the plaintiff was the owner in fee, and that he was in possession of the property, and that the defendant asserted title to and an interest in said lands, which was wholly unfounded. The suit was commenced on the 23d of *March,* 1865. At the *May* term, the defendant answered in five paragraphs. 1. General denial. 2. That the defendant is the owner in fee of an undivided one-third of the property, by virtue of a conveyance from one *Daniel Dufore,* dated *February* 25, 1842; that said deed was recorded, and the plaintiff had notice thereof at the time; that ever since said conveyance, the defendant has continuously and openly been in possession of, and claimed title to, said one-third; that on the 23d of *November,* 1845, said *Daniel* and his wife, *Frances,* executed and delivered to the defendant a writing, whereby they acknowledged his title to said undivided one-third, and agreed to pay all taxes thereon so long as the defendant would not exact rent of them, under which writing they have since been in possession, paying said taxes as rent, until the death of *Daniel,* since which time said *Frances* has so held possession under and in accordance with the terms of said writing; wherefore the defendant says that he has held possession of said one-third for

more than twenty years before the commencement of this suit, and so he says that the plaintiff's right of action did not accrue within twenty years, &c.

3. Alleging substantially the same facts as in the second, varying only as to the time during which he has continuously had possession and claimed title, to-wit, fifteen years; and by this paragraph fifteen years is relied upon as barring the suit, under the statute of limitations.

4. That the defendant has held possession of the premises, and openly and notoriously claimed title thereto, for more than twenty years before the commencement of the suit; and that the plaintiff's right of action did not accrue at any time within twenty years before the suit was begun.

5. Same as the fourth, except that fifteen years is relied upon as a bar, under the statute of limitations.

The plaintiff replied in three paragraphs. 1. General denial. 2. To the second and third paragraphs of the answer, that on the 25th of *February*, 1842, *Daniel Dufore* owned the property and was in the possession thereof; that one *Lupton* had sued him in ejectment for a part thereof, which suit was then pending; that the defendant *Dumont* was an attorney at law, and entered into a contract with *Daniel* as follows:

"Whereas, *Daniel Dufore* is sued in a writ of ejectment by *David B. Lupton*, to be dispossessed of a part of lots numbered," (describing sixteen lots in *Vevay*, and the other ground now in controversy,") and as it is uncertain whether said *Daniel Dufore* can successfully maintain a defense as to any of said lots or lands, and as the trial of said *Lupton's* ejectment will probably determine the right to the whole, and as *Daniel Dufore* and his wife have this day given me a deed to the one undivided one-third part of all the aforesaid lots and land, now be it known that I agree to accept of said deed in full satisfaction for my services in defending said suit of said *Lupton* in the *Switzerland* Circuit Court, and in the Supreme Court, if said suit should be carried to the Supreme Court; and whichever way said suit may be

determined, I, said *John Dumont*, am to charge said *Daniel Dufore* and his wife, and his and their heirs, nothing for my services as a lawyer in said suit, except what may be covered by said deed; and if said deed should, in reality, cover and convey nothing, then, and in that case, I am to have and receive nothing for my services. Witness my hand and seal this 25th of *February*, 1842.

"JOHN DUMONT, [seal.]"

That in pursuance of that contract, and for the consideration therein stated, the deed of conveyance mentioned in the answer was executed by *Daniel* and wife to *Dumont*; that *Daniel* continued in possession until 1852, when he conveyed to the plaintiff and *Julius Dufore*, who held possession until 1857, when *Julius* conveyed to the plaintiff, who has held possession ever since, and that the plaintiff has had no title or pretence thereof, or possession of the property, other than by virtue of said deed from *Daniel*.

The third paragraph of the reply is substantially the same as the second, except that it is directed to the fourth and fifth paragraphs of the answer.

The appellant assigns for error the overruling of demurrers to the second and third paragraphs of the reply; also the overruling of a motion in arrest of judgment. There are also other questions in the case.

It is said in argument that the complaint is bad, because there is no averment that the defendant's claim of title is adverse to the plaintiff. This point is not much pressed, and we do not perceive that there is anything in it. The complaint alleges that the plaintiff is seized in fee simple, and is in possession of the real estate, and that the defendant asserts an unfounded claim of title, and an interest in the same property. A title in fee simple means a title to the whole of the thing absolutely, and it seems to us that any claim of title to the same thing by another is necessarily adverse to him who owns the whole fee, in the sense of the statute. 2 G. & H., § 611, p. 284.

As to the reply, the demurrers to the second and third paragraphs of this pleading distinctly present the question, whether the grantee of a party can aver the illegality of a conveyance (conceding it to be illegal on account of champerty) at a period of more than twenty years after it has been fully executed, and possession delivered and enjoyed under it, for the purpose of having it declared void and the property restored. It is plain that the plaintiff is in no better position to come into court with this question than was his grantor, *Daniel Dufore*. The latter was equally guilty with *Dumont*, as a voluntary party to the transaction. If it was illegal, immoral, or against public policy, each, equally with the other, had offended. In such a case, it has been generally held that the law will not give its aid to either party, but will leave them in the condition in which it finds them. It will not enforce the contract, if it be executory; and when the parties have carried out their unlawful purpose, and the illegal act has been fully accomplished, neither party can have any remedy against the other, to be restored to his former condition. This doctrine is so familiar, and so general, that it has become a maxim: "*in pari delicto, potior est conditio possidentis.*"

But is the case before us an exception to the general rule? It is claimed that it is, because the relation of attorney and client existed between the parties; the defendant being the attorney. We understand the argument for the appellee to maintain that champertous contracts between attorney and client, respecting the thing in suit, are controlled by peculiar reasons of public policy, and are therefore exceptions to the doctrine. *Wells* v. *Middleton*, 4 Brown's Par. Cases 126, cited in 9 Ves. 294, and in 18 Ves. 126, *Stevens* v. *Bagwell*, 15 *id*. 139, and 2 Bac. Ab. 183, tit. Champerty are cited. That these authorities tend very strongly to make the case under consideration an exception to the general rule, must be conceded. But the question nevertheless admits of discussion, and especially it may be

deemed worthy of inquiry, whether the *English* rule, in its strictness, is applicable here, where the legal profession is pursued, in a great measure, for the emoluments which it yields, and where the law holds the client liable to render compensation for the services of his attorney. We do not decide it, because it is not necessary in the present case; for however the law may be upon the subject, it is not open to question that after twenty years possession under the deed, there is a complete bar to an action for the possession. Of what avail, then, can it be to the plaintiff to have the title quieted in him, when, after that is done, he cannot recover possession upon it? Equity will not grant a relief in form which must be valueless in fact. For this reason the demurrers to the second and third paragraphs of the reply should, we think, have been sustained.

There are sundry questions discussed as to the admissibility of evidence, and the correctness of instructions given, and of others refused. Some of these rulings were not correct, as we understand and have stated the law concerning the statute of limitations.

The jury was instructed, in effect, that twenty years possession by *Dumont,* under the deed to him, if *Dufore* also was in possession, as a tenant in common during the same time, would not create a bar, under the statute. Also, that if *Dufore* occupied for twenty years as *Dumont's* tenant, the latter claiming title under said deed, there would be no bar by limitation. This proposition cannot be maintained. The theory upon which the demurrers to the replies were overruled was carried through the entire trial. That theory was embodied in the instructions above named. There was evidence tending to establish the truth of the answer, and of *Dumont's* continued possession, under the deed of 1842, by himself and by *Daniel Dufore* as his tenant. He also offered to put in evidence a joint deed, executed in 1849 by *Daniel* and himself, to one *Beals,* for some of the lots, but it was rejected. We think it was admissible, as tending to

show his claim of right, and *Dufore's* recognition of it, at that date. But we need not remark further upon the rulings in the case.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrers to the reply.

*M. M. Ray, J. W. Gordon* and *W. March,* for appellant.

*A. C. Downey* and *S. Carter,* for appellee.