## GILLETT ET AL. *v.* CARSHAW ET AL.

PLEADING.—*Action to Quiet Title.*—A complaint to quiet title to real estate which alleges that the plaintiff owns the land in fee, and that the defendant is making an unfounded claim of title thereto, sufficiently shows that the defendant claims title " adverse " to the plaintiff.

SAME.—A complaint in such an action which alleged that the land in question was conveyed to the defendant and the ancestor of the plaintiff by an instrument which was executed to reimburse the plaintiff, in part, for payments made by him as surety of the grantor, and to secure both the grantees against other liabilities as sureties of the grantor, on which certain amounts were paid by each of the grantees after the execution of the instrument, did not show a claim of title by the defendant adverse to the plaintiff, and was, therefore, insufficient.

From the Monroe Circuit Court.

*J. W. Buskirk, L. L. Norton,* and *Claypool, Mitchell & Ketcham,* for appellants.

*McNutt & Harrison* and *Eckels & Miers,* for appellees.

DOWNEY, J.—The complaint in this case, which was by the appellees against the appellants, was in two paragraphs.

In the first paragraph, the plaintiffs, Nancy J. Carshaw, Henry Carshaw, Mary E. Norton, Meredith Norton, John B. Alexander, William J. Alexander, Fanny Young, and William M. Alexander, complain of the defendants, Samuel T. Gillett and James W. Spencer, and say that they are the owners in fee and in possession as tenants in common of lot number three hundred and forty-two in Bloomington, etc.; that the defendants and each of them claim to own the same, or some part thereof, and to have some paper title thereto, and are confederating to assert their right thereto, and have thereby created a cloud upon the title of said plaintiffs. The plaintiffs charge that said pretences of said defendants are wholly false; that they have no title either in law or equity. Prayer, that the plaintiffs' title be quieted, and for all other proper relief.

In the second, they allege that in February, 1841, William Alexander was largely indebted, and John Alexander, ancestor of the plaintiffs, had been and was surety for said William

in the sum of twenty thousand dollars, and said defendant Spencer was the surety of said William in the sum of sixteen hundred dollars; that before said date, said John, as such surety, paid the sum of ten thousand dollars, but said Spencer had paid nothing; that on the 15th day of February, 1841, the said William Alexander, for the purpose of reimbursing the said John, in part, for his payments made and liable to be made upon said William's debts, and to secure the said Spencer, in part, for his liability as such surety, conveyed by deed of general warranty lot number three hundred and forty-two, with other lands, in fee simple to the said John Alexander and the said Spencer; that the said conveyance was so made by the said William subject to any and all judgments then existing against said William in any of the courts of Monroe county; that said Spencer then and continually thereafter refused, on his part, to accept said deed or title upon said conditions, or to accept it at all; that said John accepted said conveyance, and in pursuance of it, and with the knowledge of said Spencer, and while he was continually refusing to have anything to do with said lands, took possession of the same, together with other lands, which were, at the same time, by the said deed conveyed to said John and said defendant Spencer, and continued to occupy them, and put valuable improvements thereon with like knowledge of said Spencer, until the death of said John, July 20th, 1854; that soon after said conveyance, with the knowledge of said Spencer, he paid seven thousand five hundred dollars of the liens, subject to which said lands were conveyed to him, said Spencer still refusing to pay any part of said liens, or in any way to accept said conveyance; that afterward said Spencer, as such surety, paid the sum of sixteen hundred dollars, and no more.

It is further alleged that, on the said 20th day of July, 1854, said John Alexander died, seized of said lands in manner aforesaid, leaving these plaintiffs as his sole heirs at law; that said defendant Spencer, in virtue of said deed from said William Alexander to said John Alexander and himself, is now claiming to have title to said lands or some portion thereof;

that said defendant Gillett is claiming some sort of title, and together, and each of them, are seeking to destroy the title of said plaintiffs; that by reason of their claim they have created a cloud upon the title of the plaintiffs. Prayer, that their title be quieted; that the title to the lands be decreed in the plaintiffs; that said defendant Spencer be estopped to set up any title to the lands, and for all other proper relief.

Spencer demurred to the second paragraph of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and his demurrer was overruled.

This ruling is assigned as error by Spencer, and he has also assigned as error that the first paragraph of the complaint does not state facts sufficient to constitute a cause of action.

Gillett has assigned as error that the first and also the second paragraph of the complaint do not state facts sufficient to constitute a cause of action. It is therefore proper that we should first consider the sufficiency of the paragraphs of the complaint.

The remedy for quieting title to real estate prior to the adoption of the code was in chancery. It is provided in the code as follows:

"An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." 2 G. & H. 284, sec. 611.

The first paragraph of the complaint does not, in terms, allege that the claim set up by the defendants is adverse to the plaintiffs, but it does so by alleging that the plaintiffs own the land in fee, and that the defendants are making a claim of title thereto, which claim is alleged to be unfounded.

The case, so far as the paragraph in question is concerned, is like the case of *Dumont* v. *Dufore,* 27 Ind. 263, and, therefore, this point must be and is decided in favor of the appellees.

The second paragraph is essentially different from the first.

Gillett *et al. v.* Carshaw *et al.*

It does not allege that the plaintiffs own the land in fee simple, but on the contrary shows, by alleging the facts, that the real estate was conveyed to their ancestor, John Alexander, and the defendant Spencer, by an instrument which, under the facts alleged, amounted to no more than a mortgage to secure them against liability as sureties for William Alexander. As to John Alexander, it was for the purpose of reimbursing him in part for payments made, and also to secure him against payments liable to be made in the future. It is not alleged that the defendants are making a claim to the lands adverse to the plaintiffs.

We do not think Spencer's claim under the mortgage is shown to be adverse to that of the plaintiffs. As to the claim of Gillett, there is no attempt to show it to be an adverse claim.

The record does not show that the case was tried exclusively on the good paragraph of the complaint. The verdict and judgment, for aught that appears, may have been predicated upon the second paragraph, and upon proof of facts not amounting to a good cause of action. In this condition of the record, the judgment must be reversed, and the remaining questions made need not be considered. *Bailey* v. *Troxell*, 43 Ind. 432, and cases cited.

The judgment is reversed, with costs, and the cause remanded.

BUSKIRK, C. J., was absent.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.