Marot *v.* The Germania Building, etc., Association, etc., of Indianapolis.

MAROT *v.* THE GERMANIA BUILDING AND SAVINGS ASSOCIATION NUMBER 2, OF INDIANAPOLIS.

REAL ESTATE.—*Action to Quiet Title.*—*Complaint.*—Where the alleged owner of real estate brings an action to quiet his title thereto, as against an adverse claimant, it is unnecessary for him in his complaint to particularly describe the title or claim thereto of the defendant, if it is shown therein that such title or claim is adverse to, or a cloud upon, the title of the plaintiff.

SAME.—*Same.*—*Defence.*—In an action to quiet the title of the plaintiff to real estate, the title or claim of the defendant, if any he has, being better known to himself than to a person claiming adversely to him, is a matter of defence which he must assert in such suit, if he would protect it.

From the Marion Superior Court.

*L. Barbour, C. P. Jacobs* and *M. B. Williams,* for appellant.

*N. B. Taylor, F.˙Rand* and *E. Taylor,* for appellee.

BIDDLE, J.—Complaint by the appellee, in two paragraphs, against the appellant, to clear off a cloud, and quiet the title to certain real estate.

The first paragraph sets forth the title of the appellee, and avers that the appellant claims title to said real estate, and an interest therein, adverse to the appellant, which title and interest are wholly false, but does not show in what such title and interest consist.

The second paragraph of the complaint avers the following facts: That the appellee is the owner in fee simple of the real estate, describing it, and in possession; that it derives title to said real estate by deed of general warranty from one William Weir, dated the 27th day of September, 1871, who was then the owner thereof in fee simple, unincumbered by any claim or right of the appellant thereto; that said appellant claims to have purchased said real estate from said Weir by executory contract, before the appellee purchased the same from said Weir, and said appellant has what purports to be a written contract in his possession, signed by said Weir, obligating him to make a deed to the appellant for said real estate upon the

payment of five thousand dollars, but said purchase money was due and appellant refused to pay the same, and has never paid any part thereof; that appellee can not file a copy thereof, because the original is in the appellant's possession; that said contract is of no validity against the appellee, because appellee purchased said real estate for six thousand five hundred dollars, paid therefor and received a deed, without any notice that said appellant held such pretended contract; and that before the appellee purchased said real estate, the appellant had abandoned said contract with Weir and refused to pay the purchase money therefor. But said appellant still claims that said executory contract is in full force and effect, publicly announcing and giving out in speeches that he will hold said property under said executory contract, and is threatening to attempt to enforce the same, when, in fact, said contract is of no validity against the appellee, and has been abandoned both by defendant and Weir, and is null and void; that said false and pretended claim throws a cloud upon the title of said property, prevents a sale of the same at a fair value, and injures the plaintiff's title thereto.

Prayer, that said contract be declared void, said cloud removed and the title of said real estate quieted in the appellee.

Separate demurrers to each paragraph of the complaint, alleging as cause the insufficiency of the facts stated, were sustained by the court, in special term. An appeal was taken to the court in general term, wherein the judgment was "in all things reversed." Appeal from the general term to this court.

The equity jurisdiction to quiet title overshadowed by a cloud, or disturbed by a false claim, was exercised at an early period in the history of our state. *Cupps* v. *Irvin*, 2 Blackf. 112. The same jurisdiction obtains under the code, but is modified by statute, and exercised in a different mode of procedure. 2 R. S. 1876, p. 254, secs. 611, 612, 613. Under this statute, which very much simplifies

the old method of procedure to recover possession of real estate and to determine conflicting titles thereto, and according to the decisions of this court, made in pursuance of its terms, we are of opinion that each of the paragraphs of the complaint we are considering is sufficient.

The cloud that overhangs, or the cause which disturbs, a title to lands, must necessarily be much better known to him who claims under it adversely, than to those who claim by a different title, and in such actions it is peculiarly a matter of defence; it is, therefore, unnecessary for the plaintiff to particularly state such cloud or disturbing cause, if it is shown to be adverse to his claim.

There is no hardship to the defendant in this rule. If he has any title, he should assert it in such suit and settle it; if he has none, he may disclaim, or suffer judgment to be taken against him without answer, and recover his costs, and thus quiet the title in the true owner. *Murphy* v. *Blair*, 12 Ind. 184; *Hunter* v. *McCoy*, 14 Ind. 528; *Dumont* v. *Dufore*, 27 Ind. 263; *Gillett* v. *Carshaw*, 50 Ind. 381.

The judgment of the superior court, in general term, is affirmed, with costs. The cause is remanded for further proceedings.