Stribling v. Brougher.

No. 6769.

STRIBLING v. BROUGHER.

PLEADING.—*Complaint of Several Paragraphs.*—*Joint or Several Demurrer.*—
*Practice.*—Where "The defendant demurs to the first, second and third
paragraphs of the complaint, each separately, for the reason that neither
paragraph, separately considered, states facts sufficient to constitute a
cause of action," the demurrer is not joint, but is separate and several,.
and will test the sufficiency of the facts in each paragraph of complaint.

SAME.—*Numbering Causes of Demurrer.*—*Waiver.*—*Supreme Court.*—Where
only one ground of objection to a pleading is assigned in the demurrer
thereto, it need not be numbered; but if two or more grounds of objec-
tion are specified in the demurrer, the statute provides that, unless the
grounds be numbered, the demurrer "shall be overruled." This statu-
tory provision is for the benefit of, and may be waived by, the adverse
party; and unless the record shows an objection in the circuit court to
the demurrer, upon the ground that the several causes therefor were not.
numbered, the objection will be considered as waived, by the Supreme
Court.

SAME.—*Complaint to Quiet Title and Set Aside Deed.*—*Copy of Deed.*—In a
complaint to quiet the title to real estate and to set aside a deed, the ac--
tion is not founded upon the deed, and a copy of the deed is not a neces--
sary part of the complaint.

SAME.—*Prayer for Relief.*—*Demurrer.*—A demurrer to a complaint for the·
want of sufficient facts will not reach a defect, if any exist, in the prayer
for relief.

HEARSAY EVIDENCE.—*Vendor's Declaration after Conveyance.*—*Competency.*—
The declarations of a vendor of real estate, made after his conveyance,.
are not admissible in evidence to affect the title of any one claiming un-
der him.

From the Jennings Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellant.

*T. C. Batchelor*, for appellee.

HOWK, J.—In this action, the appellee sued the appellant
in a complaint of three paragraphs. The object of the suit
was to obtain a judgment and decree of the court, declaring
a certain quitclaim deed, described in the complaint, to be
null and void, and quieting the appellee's title to certain real
estate, particularly described, in Jennings county, as against
the appellant. The issues in the cause were tried by the

court, and a finding was made for the appellee; and over the appellant's motion for a new trial, and his exception saved,. the court rendered judgment for the appellee, in accordance with its finding.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the third paragraph of the complaint; and,

2. In overruling his motion for a new trial.

In the third paragraph of his complaint, the appellee alleged in substance, that on the 4th day of March, 1872, he purchased of Archibald S. Welton, who was then the owner in fee thereof, and, on said day, the said Welton and his wife conveyed to appellee by deed the following described real estate in Jennings county, Indiana, to wit: Beginning in the middle of the Muscatatuck river, thirteen poles south of the line dividing the southeast quarter of section 3 and the northeast quarter of section 10, all in town 6 north, of range 8 east, and running thence west and parallel with the government line 108 poles to a corner, 13 poles south of the southwest corner of the southeast quarter of said section 3, thence north with the west line of said southeast quarter 123 poles, thence north $48\frac{1}{2}°$ east 18 poles and 12 links, thence north 48° east 12 poles, thence north 24° east 3 poles, thence south 4° east 8 poles, thence south 40° east 18 poles, thence south 2° west 14 poles, thence south 46° east 16 poles, to the Muscatatuck river, thence north 74° east 22 poles, thence north 86° east 20 poles, thence south 73° east 32 poles, thence south 37° east 20 poles, thence south 24° west 70 poles, to the place of beginning, except a small tract thereof conveyed by said Welton and wife to Ellen Read and others, which conveyance was recorded in deed book 8, p. 456, of the records of the recorder's office of said county, containing four acres, three roods and fifteen poles; that John S. Silver, then recorder of said county, acted as the scrivener of said Welton and the appellee in the drafting of said deed from said Wel-

ton and wife to appellee, for the land so purchased by him; that said Silver was instructed by the parties to said deed at the time to draw it so as to include all of the land above described, except the said small tract previously conveyed to said Ellen Read and others, which said small tract was the extreme northwest corner of the above described land; that in drafting said deed, said Silver made a mistake in the west line of said land, in this: in counting the length thereof, after deducting from the said line the west line of the said small tract conveyed to said Ellen Read as aforesaid, the said Silver, forgetting that said west line began thirteen poles south of the southwest corner of said southeast quarter of said section 3, and laboring under the mistake that said line began at the southwest corner of said southeast quarter, made the said west line only ninety poles in length, and so wrote the same in said deed, instead of one hundred and three poles the true length thereof, after deducting the said small tract conveyed to said Ellen Read and others as aforesaid; that said scrivener also by mistake omitted in said deed the word "corner," after the place where the word "southwest" should have been written therein, in describing the southern commencement of said west line, and also, by mistake, wrote certain initials and used certain characters, for certain words, where the same, or any of them, occurred in said conveyance, all of which mistakes at the time were overlooked by said Welton and the appellee; that, by the mistake in the description of the length of said west line as aforesaid, the descriptions following in said deed were impossible of location and will not, if strictly followed, close or embrace any land whatever, and will not strike the middle of the branch nor the Muscatatuck river, as described in said deed to appellee; but that, if said west line is located as designed by said Welton and appellee, at the time of the execution of said deed to appellee by said Welton, and as said Silver was directed to locate it at the time by said Welton and appellee, in making the length thereof one hundred and three poles, all the remainder of

the description contained in said deed would be intelligible, could be readily located and would close so as to embrace the identical land intended to be conveyed by said deed to appellee from said Welton; that all the said facts, that is to say, the purchase by appellee from said Welton of said land, the conveyance by said Welton to appellee, the mistake made in the description in said deed by the said scrivener, that the said Welton meant to convey to the appellee by said deed, and the appellee had purchased of said Welton, all of the said first described tract of land except the said small tract of land so conveyed to said Ellen Read and others, were well known to the appellant at the time he was guilty of and did the wrongful acts thereinafter complained of and set forth.

The appellee averred, that the appellant, well knowing the premises, and that the appellee was the owner and in the possession of all of said first described tract of land, except the said small tract conveyed to said Ellen Read and others, unlawfully entered upon the same, without the appellee's knowledge or consent, and carried away therefrom, and appropriated to his own use, a large number of appellee's rails, of the value of $10.00; that at the —— term, 187—, of the circuit court of said county, the grand jury thereof found an indictment against the appellant for malicious trespass, in carrying from said land and appropriating appellee's said rails, upon which indictment the appellant was duly arraigned, tried and convicted, and fined —— dollars, at the —— term, 187—, of said court; that from said judgment the appellant took an appeal to this court, and employed an attorney, and, in preparing for the defence of said suit, it was discovered that the land described in said deed from said Welton and wife to the appellee did not embrace the particular land upon which said trespass was committed, and that, while the appellee had purchased from said Welton, and he and his wife had meant to convey to appellee, by their said deed executed on March 4th, 1872, the entire tract of land first described, yet, by reason of said mistake of said scrivener, there was a small

·portion of said tract which was not embraced within the metes: and bounds given in said deed; that thereupon, on the ——— day of ———, 1876, the appellant procured from said Welton and wife, then living in Missouri, for the sum of $25.00, their quitclaim deed to him of the said small portion of the land, so sold and intended to be conveyed to the appellee, by the said deed of March 4th, 1872, which said small portion of said land was described by metes and bounds and alleged to contain two acres, more or less; that, with the design of cheating and defrauding the appellee out of said two acres of land and of setting up title thereto, the appellant procured his said deed to be recorded in the proper record of the recorder's office of said county, and entered upon the said two acres, and notified the appellee, that he, the appellant, was the owner of the land described in his quitclaim deed, and meant to hold the same, and then claimed to be the owner thereof and threatened to cut and remove the timber therefrom.

The appellee further alleged that the said quitclaim deed to appellant was a cloud upon appellee's title, which ought to be removed. Wherefore the appellee prayed that his title to the first described tract of land might be quieted, that the said deed executed by said Welton and his wife to the appellant might be declared null and void, and of no effect whatever, and that the appellant might be forever enjoined from setting up or claiming title to said land by virtue of said quitclaim deed, and for all other proper relief.

Before passing upon the sufficiency of this paragraph of complaint, it is proper that we should · consider and dispose of some objections urged by the appellee's counsel to the form and substance of the appellant's demurrer to the complaint. Omitting the title of the cause and court, and the signature of counsel, this demurrer reads as follows:

" The defendant demurs to the first, second and third paragraphs of the complaint, each separately, for the reason that neither paragraph of the complaint, separately considered, states facts sufficient to constitute a cause of action."

The appellee's counsel says: "We think this is a joint demurrer to the three paragraphs of the complaint, and should have been overruled as to all, if any one is good." In support of his position counsel has cited a number of cases in this court, in several of which demurrers, very similar in form to the demurrer in this case, were held to be insufficient; but these rulings do not meet with our approval, and we can not follow them. Counsel further says: "Again, the statute provides (2 R. S. 1876, p. 58, section 50) that 'unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled.' The demurrer under consideration does not *number* the grounds of objection, and therefore the court should have overruled it. The statute is imperative, and there can be no escape from this conclusion." The statute is certainly mandatory in form, but it must be held, we think, as merely directory. Surely, where only one "ground of objection" is assigned in the demurrer, as in this case, it could hardly be claimed that the one cause must be numbered, or that, in default thereof, the demurrer must be overruled. In any case, even where all the statutory causes have been assigned in the demurrer and have not been numbered, and even conceding that the statutory provision in question is mandatory, it seems to us this court must hold that the statutory requirement is one for the benefit of the adverse party, which it is competent for him to waive. Where, as in this case, the record fails to show that any objection was taken to the demurrer, in the circuit court, upon the ground that the several causes of demurrer were not numbered therein, it might well be said, we think, upon the theory that the statute is mandatory, that the objection had been waived and could not be made for the first time in this court.

The statutory provision above quoted is, certainly, no more imperative or mandatory in its terms than the provisions of section 74 of the code of 1852, which require that every material allegation in a complaint or answer, not specifically controverted by the adverse party, shall be taken as true. Yet,

this court has uniformly held, for more than a quarter of a century, that if parties go to trial without answer or reply, and without any action had or asked for, in the court below, upon the party's failure to answer or reply, the filing of such answer or reply must be regarded as having been waived below, when the objection is made here for the first time, that no answer or reply had been filed. In such a case it will be considered by this court, notwithstanding the mandate of the statute, that the complaint or answer has been controverted, as if a denial had been filed. *Casad* v. *Holdridge*, 50 Ind. 529 ; *Purdue* v. *Stevenson*, 54 Ind. 161 ; *Bass* v. *Smith*, 61 Ind. 72.

In the case at bar, we are of the opinion that the appellee is in no condition to complain, in this court, of either the form or substance of the demurrer to his complaint, and, if he were, that neither of his objections to such demurrer is well taken.

We pass now to the consideration and decision of the questions presented and discussed by the appellant's counsel in their brief of this cause, and arising under the alleged error of the circuit court, in overruling the demurrer to the third paragraph of the appellee's complaint. The first point made by counsel is, that the third paragraph of complaint is bad on the demurrer thereto, for the want of sufficient facts, for the reason that the quitclaim deed, therein mentioned, from Archibald S. Welton and his wife to the appellant, was not set out in, nor filed with, nor in any manner made a part of, said paragraph of complaint. Counsel say : "So far as this paragraph seeks to set aside the appellant's deed, it is founded upon it ; and a copy of the appellant's deed should have been filed with the complaint, which has not been done. A copy of a deed to appellee is filed with the complaint, but that will not cure the defect."

In support of their position, that a copy of the quitclaim deed from Welton and his wife to the appellant was a necessary part of the third paragraph of the complaint, the appellant's counsel have cited the first clause of section 78 of the civil code of 1852, providing that "When any pleading is

founded on a written instrument, or on account, the original,. or a copy thereof, must be filed with the pleading." Counsel have also cited many cases from the reports of the decisions of this court, and, doubtless, many more might have been cited, in which this statutory rule of pleading has been clearly recognized and acted upon as the controlling rule, whenever the written instrument, within the meaning of that expression,, has been the foundation of the action. No case has been cited by counsel, however, and we know of none, in this court, wherein it has been held, in such a suit as the one now before us for quieting the plaintiff's title to real estate, that a deed under which the defendant might claim an adverse title was the foundation of the plaintiff's cause of action, or that a copy of such deed was a necessary part of the plaintiff's complaint. The principal relief, for which the appellee sued in the third paragraph of his complaint, was to obtain a judgment and decree of the court quieting his title to the real estate in controversy, against an unfounded claim, as alleged, of the appellant thereto.    It was not necessary that the appellee should state in his complaint the particulars of the appellant's adverse claim to the real estate, or set out the deed under which he asserted such claim.

In *Marot* v. *The Germania, etc., Association, etc.*, 54 Ind. 37, in delivering the opinion of the court, BIDDLE, J., said : "The cloud that overhangs, or the cause which disturbs, a title to lands, must necessarily be much better known to him who claims under it adversely, than to those who claim by a different title, and in such actions, it is peculiarly a matter of defence ; it is, therefore, unnecessary for the plaintiff to particularly state such cloud or disturbing cause, if it is shown to be adverse to his claim." *Dumont* v. *Dufore*, 27 Ind. 263 ; *Gillett* v. *Carshaw*, 50 Ind. 381.

As a means to the end of quieting his title, the appellee asked that the quitclaim deed from Welton and his wife to the appellant might be set aside and declared null and void, and of no effect.    In the third paragraph of the complaint this

deed was described by its date, by the names of the grantors and grantee therein, by the description of the real estate quit-claimed thereby, by the consideration expressed therein, and by the book and page of the records of the recorder's office of said Jennings county, where said deed was recorded. This description of the deed answered every conceivable purpose in the case which a copy of the deed would or could have accomplished; and, therefore, we think that the appellant's objection to the third paragraph of the complaint, on the ground that a copy of said deed was not filed therewith, is not well taken in any view of the question.

The appellant's counsel next complain of the third paragraph of complaint, apparently upon the ground that the appellee did not, in his prayer for relief, ask a reformation of his own deed from Welton and his wife. This, however, is no ground for a demurrer to the complaint; and we can not see that the question is before us. It may be presumed that the appellee asked for such relief as he wanted and supposed he was entitled to. In *Bennett* v. *Preston*, 17 Ind. 291, it was held by this court that a demurrer to a complaint for the want of facts must be overruled, if, on the facts stated, the plaintiff was entitled to any relief whatever, although not to the relief demanded. Such a demurrer will not reach a defect, if any exists, in the prayer for relief. *Goodall* v. *Mopley*, 45 Ind. 355; *Baker* v. *Armstrong*, 57 Ind. 189.

Some other objections have been pointed out by the appellant's counsel to the third paragraph of the complaint, but as the facts stated therein were certainly sufficient to constitute a cause of action in appellee's favor, for quieting his title to the real estate in controversy, we are of the opinion that these objections were not reached by the demurrer to the paragraph, and, therefore, we do not discuss them. In such a case, objections to particular parts of a complaint can only be reached by motions to strike out, or by objecting to evidence in support thereof. Our conclusion is, that the court did not err in overruling the demurrer to the third paragraph of the complaint.

In discussing the questions arising under the alleged error of the trial court in overruling the motion for a new trial, the point is made by the appellant's counsel that the court erred in the admission of incompetent evidence. This evidence consisted of alleged declarations of the said Archibald S. Welton concerning the real estate in controversy, made after he had sold and conveyed such real estate to the appellee and in the absence of the appellant. These declarations were objected to at the time they were offered, on the ground that they were hearsay and immaterial; but the court overruled the appellant's objections and admitted the declarations in evidence, and to these rulings he excepted and subsequently assigned them as causes for a new trial, in his motion therefor. We are of the opinion that the court erred in the admission of these declarations of the said Welton in evidence, on the ground that they were mere hearsay and therefore incompetent. In *Steeple* v. *Downing*, 60 Ind. 478, on page 503, it is said: "The declarations of a party in possession of land are competent evidence against those claiming the land under him, to show the character of his possession and the title by which he held it, but not to sustain or destroy the record title." In the case at bar, the declarations of Welton, admitted in evidence, were made after he had sold and conveyed away the land; but they seem to have been offered and admitted for the double purpose of sustaining the record title of the appellee and destroying that of the appellant, both of whom claimed title under said Welton.

In *Thompson* v. *Thompson*, 9 Ind. 323, it was said: "The general rule is well settled that the declarations of a vendor, made after his conveyance, are not admissible in evidence to defeat it. *Doe* v. *Moore*, 4 Blackf. 445, and authorities there cited. It is true that the declarations of a party in possession, in derogation of his own title, may be given in evidence." In *Kieth* v. *Kerr*, 17 Ind. 284, it was held, that declarations made by a person under whom a party claims,

after the declarant had parted with his right, were utterly inad-
missible to affect any one claiming under him. The same
doctrine was also declared in *Wynne* v. *Glidewell,* 17 Ind. 446.

The counsel on both sides of the case now before us have
elaborately discussed the question of the sufficiency of the
evidence to sustain the finding of the trial court; but, as the
judgment must be reversed and a new trial had for the error
of the court in the admission of incompetent evidence, we
must decline to consider the question of the sufficiency of the
evidence. For the reasons given, the court erred in over-
ruling the motion for a new trial.

The appellee has assigned, as a cross error, the decision of
the circuit court in sustaining the demurrer to the second
paragraph of his complaint, and in his brief his counsel
" confidently asks, if the case is reversed, that it be reversed
on the cross error assigned by appellee."

The appellant, however, has moved this court in writing,
to strike out such cross error, because the appellee did not
file his brief thereon, within sixty days after the submission
of the cause, in compliance with Rule 14 of the written rules
adopted by this court on the 6th day of March, 1871. Ap-
pellee's assignment of cross errors is entitled as of the May
term, 1878, of this court, at which term the cause was sub-
mitted on call, upon his default. We are bound to presume,
that the assignment of cross error was made on or before the
submission of the cause; because it could not have been
made afterwards without the leave of this court, and no such
leave was asked for or granted in this case. Appellee's brief
of this cause was not filed until June 6th, 1881, or more than
three years after the submission of the cause and the assign-
ment of the cross error.

The appellant's motion is therefore well taken, and must be
sustained; and appellee's cross error is struck out accordingly.

The judgment is reversed, at the appellee's costs, and the cause
is remanded with instructions to sustain the motion for a new
trial, and for further proceedings in accordance with this opinion.