Woodworth v. Zimmerman *et al.*

Filed Mar. 14, 1883. Petition for a rehearing overruled Dec. 21, 1883.

———◆———

No. 9767.

WOODWORTH v. ZIMMERMAN ET AL.

MORTGAGE.—*Foreclosure.—Junior Lien-Holder.— Judgment.—Estoppel.*—One who is made defendant to a suit to foreclose a mortgage to answer to his interest, is served with process and makes default, and a decree is entered against him barring all his interests, is estopped from setting up any title or lien then held by him, in hostility to a title acquired under the decree.

SAME.—*Pleading.*—In such case it is not necessary in the complaint to set out specifically the interest of a lien-holder, who is made defendant.

From the Noble Circuit Court.

*J. H. Baker, J. A. S. Mitchell* and *H. G. Zimmerman,* for appellant.

*A. A. Chapin* and *R. P. Barr,* for appellees.

| 92 | 349 |
| 124 | 472 |
| 124 | 558 |
| 125 | 396 |
| 92 | 349 |
| 129 | 221 |
| 92 | 349 |
| 130 | 402 |
| 92 | 349 |
| 132 | 506 |
| 92 | 349 |
| 152 | 170 |
| 92 | 349 |
| 153 | 496 |
| 92 | 349 |
| 167 | 47 |

ELLIOTT, J.—This action was instituted by the appellees. Jacob C. Zimmerman and William Henderson to establish a lien on real property and adjust priorities.   Woodworth filed a cross complaint, wherein he alleged that prior to September 1st, 1874, the mortgaged premises were owned by Joseph Henderson, F. W. Straus and Samuel Braden; that they were partners; that the property was a mill and its appurtenances, and was used by the firm as partnership property; that on the 1st day of September, 1874, appellant bought the interest of Straus in the property and in the partnership; that Joseph Henderson was the owner thereafter of a one-third interest in said property; that on the 14th day of October, 1874, Joseph Henderson and appellant entered into a partnership for the purpose of conducting the business of milling; that they continued in partnership until May 6th, 1878; that during the continuance of the partnership the premises were improved and the expense paid with partnership funds; that the firm contracted debts to the amount of $1,692.22; that appellant expended a like sum for improvements over and above the amount expended by Joseph Henderson, for which sums the note of the latter was executed; that two of the mortgages under which the appellees claimed their rights, executed by Joseph Henderson to the Ligonier Building Association, were executed while the mill property was owned by the partnership and while in its use, and that the mortgagee had knowledge of that fact, and that one of the mortgages, that to William Henderson, was executed to secure an antecedent debt.   To this cross complaint it was answered that Joseph Henderson owned the one undivided third of the property, and the appellant the undivided fourth before the partnership was formed; that each bought and paid for his individual interest; that it had been agreed by appellant and Joseph Henderson that each might sell his separate interest, and that such sale should not operate to dissolve the partnership for sixty days thereafter; that when the note was executed on a final dissolution, the appellant took a mortgage

to secure the debt due him from his former partner, and waived any equitable lien he might have had; that when the appellant accepted the mortgage he had actual notice of the prior mortgages of William Henderson and the Ligonier Building Association, and that they were executed in good faith; that to the suit of the Ligonier Building Association to foreclose its mortgage, appellant was made a party to answer as to his interest, as was also William Henderson; that appellant was served with process, but suffered default; that a decree was entered barring all his rights and interest in the land; that the land was sold pursuant to the decree; that after the sale appellant claimed to be a junior mortgagee, redeemed from the sale and took an assignment of the certificate of the sheriff; that upon the faith of these acts, and believing the land to be the individual property of Joseph Henderson, the appellee William Henderson redeemed the land from appellant; that the latter received the redemption money and surrendered the sheriff's certificate.

This answer is criticised because it closes with a denial. This denial was, perhaps, out of place, but it did not invalidate the answer. Pleadings are not controlled by mere isolated expressions, but are to be judged by their general scope and tenor. If two defences are blended in one paragraph, the remedy is by motion and not demurrer.

The appellant, having been challenged to contest the rights of the parties claiming under the mortgages set up in the foreclosure suit of the Ligonier Building Association, has had his day in court, and is, by the decree rendered in that suit, concluded from denying the validity of these mortgages, or of the titles acquired under them pursuant to the decree. Where a party claiming an interest in real property is made a party to a suit to foreclose a mortgage alleged to be the senior one, and is asked to assert his interest, he must do so in that suit or the decree will conclude him. *Ulrich* v. *Drischell*, 88 Ind. 354.

Appellant's counsel are in error in supposing that the an-

swer does not aver that their client was made a party to an-
swer as to his interest. It is averred in direct terms. They
are likewise in error in asserting that the answer does not al-
lege that the decree adjudicated his rights in the land in con-
troversy. Holding, as we do, that the decree estops the ap-
pellant, it becomes unnecessary to consider the effect of the
other matters alleged in the answer.

The record of the proceedings in the foreclosure suit
brought by the Ligonier Building Association shows that the
complaint named the appellant as a defendant, and contained
the following: "And they (the defendants) are made parties
to answer what interest they claim, if any, in said mortgaged
premises, and to bar their right of redemption," and that it
also stated that the defendants, other than the mortgagor,
"hold mortgages on said premises and judgments which are
liens, but they are subsequent in priority to plaintiffs." It
has been held, as we now hold, that it is not necessary in a
complaint to foreclose a mortgage to specifically set out
the interests of lien-holders who are made parties for the
purpose of enabling them to assert their claims. *Marot* v.
*Germania, etc., Ass'n,* 54 Ind. 37; *Stribling* v. *Brougher,* 79
Ind. 328; *Dumont* v. *Dufore,* 27 Ind. 263; *Gillett* v. *Car-
shaw,* 50 Ind. 381. The averment in the complaint filed by
the building association was sufficient to require the appel-
lant to assert his rights, if any he had, or lose them by the
adjudication sought by the complaint.

The decree foreclosed the mortgage and barred the equity
of redemption of the appellant and all the other defendants
to that suit. The default admitted the averment of the com-
plaint, that the lien of the plaintiff in that suit was paramount
to that of appellant, and there was, therefore, nothing in him
to foreclose and bar except an equity of redemption.

It has been decided that, under the code, the question of
priorities may be settled in foreclosure proceedings. *Ulrich*
v. *Drischell, supra; Ætna L. Ins. Co.* v. *Finch,* 84 Ind. 301;
*Harrison* v. *Phœnix Mutual L. Ins. Co.,* 83 Ind. 575; *Daven-*

port v. *Barnett*, 51 Ind. 329; *Greenup* v. *Crooks*, 50 Ind. 410; *Stich* v. *Dickinson*, 38 Cal. 608. We think these decisions give just effect to our code by affording parties an opportunity to settle in one action all controversies concerning the real property in dispute, and thus give security to titles and prevent multiplicity of actions.

As the decree given in evidence concluded the appellant from asserting any interest in the property superior to the title of the appellees, we need not examine as to the nature of the interest which his partnership relations with the former owner of the land conferred upon him.

Judgment affirmed.

Filed Nov. 8, 1883. Petition for a rehearing overruled Dec. 21, 1883.