Otis v. De Boer.

No. 12,895.

OTIS v. DE BOER.

DRAINAGE.—*Parties.*—*Action in Rem.*—In all cases having the essential qualities of actions *in rem*, as a drainage proceeding, it is sufficient, in making any one a party defendant, to allege that he has, or claims to have, some interest in the property described in the complaint.

SAME.—*Act of 1879.*—*Notice of Assessments.*—*Collateral Attack.*—In an action to collect assessments on lands for the construction of a ditch under the drainage law of 1879, where the notices of the assessments had been held sufficient by the proper county board, their decision is conclusive as against a collateral attack.

From the Jasper Circuit Court.

*S. P. Thompson*, for appellant.

*E. P. Hammond* and *F. W. Babcock*, for appellee.

NIBLACK, J.—On the 8th day of September, 1880, Binnie De Boer, the appellee in this proceeding, presented a petition in writing to the board of commissioners of the county of Jasper, representing that he was the owner in fee simple of a particularly described tract of land, in a certain township of that county, which was wet, marshy and overflowed land, and which, for its drainage, required the widening, deepening and cleaning out of a ditch then already constructed through a part of such land, and the construction of an additional open drain, both extending a distance of six thousand and five hundred feet on a particularly specified route; also representing that the proposed work could not be constructed without affecting the lands of other persons situate in the same township and county, giving a list of such lands and the owners thereof respectively, in which Jasper Corning was named as the owner of four of the tracts of land contained in such list. The petition further represented that the proposed work, when constructed, would be conducive to health, and would be a work of public utility, and prayed the

appointment of appraisers to make assessments against the lands, which would thereby be benefited, under the provisions of the act of March 13, 1879, Acts 1879, 234. Ten days before the time at which the petition was presented, De Boer gave notice of its presentation by posting up written notices in three of the most public places of the township in which the lands were situate, describing the lands to be affected, and giving the names of the owners thereof as they appeared in the petition. The board of commissioners, after hearing proof of the matters alleged in the petition, and of the posting up of notices as stated, made an order appointing three disinterested freeholders of the county as appraisers to make assessments against the lands to be affected and benefited by the contemplated drainage.

A copy of this order and appointment was very soon delivered to the appraisers by De Boer, and a part of the landowners being non-residents of the county, as well as of the State, he caused notice to them that said appraisers would meet at the place of beginning of the work in hand on the 6th day of October, 1880, to be published in due time in a weekly newspaper of general circulation published in said county of Jasper. The appraisers met at the time and place named, and coming to the conclusion that the resident landowners had not been sufficiently notified of the meeting, they adjourned to meet at the same place on the 27th day of October, 1880, notice of which latter meeting was properly served on such resident land-owners. On this last named day the appraisers met and proceeded to examine the lands to be affected, and to make assessments for benefits and costs of the proceedings against each and every tract thereof. They made assessments against the several tracts of land described in the petition as belonging to Jasper Corning, as follows: Against the first described, the sum of $93.08; against the second, the sum of $26.75; against the third, the sum of $173.14; against the fourth, the sum of $129.20. The appraisers thereupon made a report, under oath, of the assess-

ments so made by them, and upon such other matters as they were required to examine, and concerning which they were to make a report, a copy of which report was duly recorded in the proper recorder's office.

De Boer then caused the ditch to be completed according to the specifications, prior to the 12th day of December, 1884, and on that day the surveyor in charge of the work executed a written certificate stating the fact of such completion, which was, on the day following, filed with the auditor of Jasper county. De Boer also paid all expenses of the proceedings upon his petition, as well as the cost of constructing the ditch.

In the proceedings which led to the assessments against the lands described in the report of the appraisers, Jasper Corning was treated as a non-resident of the State of Indiana, and was, as such, only constructively notified by publication in a newspaper as stated.

The assessments made against the lands alleged to have been owned by Jasper Corning not having been paid, De Boer commenced this suit against Joseph E. Otis and the unknown heirs and devisees of Jasper Corning, deceased, and the unknown heirs and devisees of the unknown heirs and devisees of the said Jasper Corning, to enforce the supposed liens created by such assessments, averring the facts herein above stated, and alleging that, at the time of the presentation of his petition to the board of commissioners of Jasper county, and for more than two years thereafter, the lands in question were shown by the real estate transfer book in the office of the auditor of said county of Jasper to be the property of Jasper Corning, and that, for that reason, as well as because the same also so appeared on the proper tax lists and duplicates, such lands were represented in the petition, and in the list of assessments, as belonging to the said Jasper Corning.

In referring to the lands to be affected by the proposed ditch, the petition preliminarily stated that "The following

is a list of lands with the names of the owners thereof so far as can be ascertained by your petitioner."

The complaint further alleged that more than two years after the assessments against the lands were made, the plaintiff, De Boer, ascertained that Jasper Corning had died prior to the year 1880, seized in fee simple of the lands so assessed ; that he, the plaintiff, did not know, and was, therefore, not able to state, who were the heirs or devisees of the said Jasper Corning, or to whom such lands might have been devised or had descended ; that said Joseph E. Otis pretended to have some title to or interest in the land, but that whatever title or interest he might have was subordinate to the assessment liens against the lands, and that the defendants were, and had ever been, non-residents of the State of Indiana.

Otis demurred to the complaint upon the ground that, upon the facts stated, no lien attached to the lands assessed in the name of Jasper Corning, and that hence no cause of action was shown either against him or such lands, but his demurrer was overruled, and he answered in two paragraphs, the first of which was in general denial, and the second contained special matters in defence. He afterwards filed what was in form a third paragraph of answer, but which was pleaded as a counter-claim in his behalf. This second or special paragraph of answer, and the third paragraph or counter-claim, were both held to be sufficient upon demurrer ; whereupon the plaintiff replied in four paragraphs. The first of these paragraphs was in denial only, and the rest replied special matters in avoidance.

The defendant Otis demurred to the second, third and fourth paragraphs of the reply, and his demurrer was sustained as to the second, and overruled as to the third and fourth.

During the progress of the cause the suit was either actually, or in legal effect, dismissed as to all the defendants other than Otis, and at the hearing the circuit court came to

the conclusion that there was due to the plaintiff in the premises the aggregate sum of three hundred and eighty-two dollars and ninety-five cents ($382.95), and that the several amounts respectively assessed against each of the tracts of land, described as belonging to Jasper Corning, were liens upon such tracts.

After overruling a motion for a new trial, and also a motion in arrest of judgment, the circuit court rendered judgment for the amount so ascertained to be due, and entered a several decree against the lands for the payment of the judgment.

The first objection to the complaint, made in its natural order, is, that it did not specifically state the nature or character of the title of the appellant, Otis, to the lands in controversy, and therefore failed to show that he had any real interest in the subject-matter of the action.

In all suits of the class to which this belongs, it is sufficient, in making any one a party defendant, to allege that he has, or claims to have, some interest in the property described in the complaint. This is the rule, also, in analogous cases, notably in actions to quiet title to real estate and other cases having the essential qualities of actions *in rem*. *Marot* v. *Germania, etc., Ass'n,* 54 Ind. 37 ; *Jeffersonville, etc., R. R. Co.* v. *Oyler,* 60 Ind. 383 ; *Stumph* v. *Reger,* 92 Ind. 286 ; *Woodworth* v. *Zimmerman,* 92 Ind. 349 ; *Carver* v. *Carver,* 97 Ind. 497 ; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581.

It devolves upon a person thus made a defendant to assert whatever title he may have, or claim to have, if he shall desire to make a defence, or to rely upon his title.

The next objection made to the complaint is that it showed upon its face that no notice whatever was given of the drainage proceedings to the real owners of the lands against which the alleged liens were sought to be enforced, and that, consequently, it was made to appear affirmatively that such proceedings were void as against such real owners and those claiming under them.

The drainage proceedings, set out in, and relied upon by, the complaint, constituted an action *in rem* purely and simply, having been taken under the act of March 13th, 1879, already referred to, and belonging to that class of proceedings in which constructive notice only of the filing of the petition was required, and in which notice to non-residents of the county, and unknown defendants, by publication at a subsequent stage of the action, was directed to be made. A judgment *in rem* is, in its effect, wholly distinct from that of a judgment against a defendant *in personam.* Such a judgment may be entirely conclusive as to the property involved, and yet be ineffectual for any purpose against the defendant personally. 4 Wait Actions and Defences, 188, *et seq.*

In proceedings *in rem* proof of actual notice as against non-resident, or unknown, defendants, is seldom, if ever, required, and in a collateral attack upon a judgment *in rem* a liberal interpretation will be given to the rules governing constructive notice when necessary to sustain the judgment. It is not essential to the validity of an assessment under the act of 1879, that notice should have been first given to the actual owners of the lands assessed.

Under that act the petition was required to give the names of such owners only when such names were known to the petitioner, and when notice was given of the time and place of making an assessment, it was sufficient to state the names of persons whose lands were to be thereby affected only so far as the same were known to the applicant, or as such names were shown by the real estate transfer book in the office of the auditor of the proper county. But, waiving all other questions as to the sufficiency of the notices in the case before us, it need only be noted that these notices were, at least impliedly, held to have been sufficient by the board of commissioners of Jasper county in acting first upon the petition and afterwards upon the assessments. That tribunal having had jurisdiction to decide upon the sufficiency of such notices, the conclusions reached by it are impervious to col-

lateral attack.  *Faris* v. *Reynolds,* 70 Ind. 359 ;  *Miller* v. *Porter,* 71 Ind. 521 ;  *Mullikin* v. *City of Bloomington,* 72 Ind. 161 ;  *Hume* v. *Little F. R. Drain. Ass'n,* 72 Ind. 499 ;  *Porter* v. *Stout,* 73 Ind. 3 ;  *Brocaw* v. *Board, etc.,* 73 Ind. 543 ;  *Muncey* v. *Joest,* 74 Ind. 409 ;  *Stoddard* v. *Johnson,* 75 Ind. 20 ;  *Marshall* v. *Gill,* 77 Ind. 402 ;  *Hume* v. *Conduitt,* 76 Ind. 598 ;  *Ricketts* v. *Spraker,* 77 Ind. 371 ;  *Argo* v. *Barthand,* 80 Ind. 63 ;  *Town of Cicero* v. *Williamson,* 91 Ind. 541 ;  *Cauldwell* v. *Curry,* 93 Ind. 363 ;  *Dowell* v. *Lahr,* 97 Ind. 146 ;  *Smith* v. *Clifford,* 99 Ind. 113.

Consequently, the conclusion reached by us is, that the complaint under consideration was sufficient upon demurrer. This conclusion receives either a direct or a general and implied support from the recent cases of *Prezinger* v. *Harness,* 114 Ind. 491, and *Montgomery* v. *Wasem, ante,* p. 343, and the authorities cited by those cases.

So far as the same have been brought to our attention, none of the proceedings subsequent to the overruling of the demurrer to the complaint were in violation of the general principles herein above announced.  It follows that no available error was committed by the circuit court during such subsequent proceedings, either in its rulings upon the pleadings, or in its denial of the motion for a new trial.

The judgment is affirmed, with costs.

Filed Jan. 5, 1889; petition for a rehearing overruled March 12, 1889.