DEMING v. HANEY.

23 77
113 740

Limitation, statute of: VENDOR AND VENDEE. In the case of a breach of a written contract for the sale of real estate, occasioned by the refusal of the vendor to convey to the vendee, after tender of the balance of the purchase-money and demand of the deed, the statute of limitations begins to run, as against the right of the vendee to recover the purchase-money paid by him, in an action based upon the facts constituting such breach, from the date of such *demand* and *refusal*, instead of from the date of the contract or the payment of such purchase-money; and he may accordingly recover in such an action, commenced at any time within ten years from the date of such demand and refusal, the amount of such purchase-money and accrued interest, though paid by him more than ten years before. Such an action is not deemed one for money had and received, but for a breach of the written contract.

*Appeal from Marshall District Court.*

WEDNESDAY, JULY 31.

THE facts of this case are as follows: January 5, 1856, plaintiff sold to defendant, and by his bond agreed to convey to him, certain parcels of real estate. The consideration was $600; one hundred dollars paid at the time; for the balance three notes given, due the 1st of April and June, 1856, and June, 1857. The conveyance was to be made upon the payment of the two notes due in 1856, and the bond said nothing about the third. April 19, 1856, plaintiff paid seventy-seven dollars and thirty cents; and July 15, of the same year, $400. November 1, 1856, he tendered the balance with interest to that date, and demanded a deed, which was refused. In July, 1857, defendant conveyed part of the lands, to a third person, for $300, and in March, 1864, the balance, for $3,000.

The petition is based upon these facts. The answer is first in denial, and second, pleads the statute of limita-

tions. The action was commenced July 10, 1866. Trial to the court December 19, 1866; judgment for plaintiff. in the sum of $928.58 (no facts found); defendant excepted, and appeals.

*Boardman & Brown* and *Henderson & Binford* for the appellant.

*Bradley & Caswell* for the appellee.

1. An obligee in a title bond has an action on the bond for the purchase-money and interest after failure to convey. *Sweem* v. *Steele*, 5 Iowa, 352; *Foley* v. *McKeegan*, 4 Id. 1.

2. No particular words are necessary to make a covenant, but any words which import an agreement between the parties to a deed will suffice for that purpose. *Burwell* v. *Jackson*, 9 N. Y. 549; Sugden on Vendors, ch. 1, § 3, art. 17.

3. The measure of damages in such an action is (at least in this case) the consideration paid, with interest from time action accrued. Rawle on Covenants, 58–63; *Peters* v. *McKeon*, 4 Denio, 546; 2 Parsons on Contracts, 505; *Foley* v. *McKeegan*, 4 Iowa, 1; *Sweem* v. *Steele*, 5 Iowa, 352, and cases there cited.

4. In a written contract, the consideration is implied as at common law in contracts under seal. *Linder* v. *Lake*, 6 Iowa, 164; Rev. § 1824.

5. Consideration may be shown when not expressed, and may be shown to be different from that expressed for the purpose of ascertaining the measure of damages. 1 Greenleaf on Evidence, §§ 26, 101, and all the American authorities there collated; *Wilkinson* v. *Scott*, 17 Cass, 249; *Clapp* v. *Trinell*, 20 Pick. 247; *Belden* v. *Seymour*, 8 Conn. 304; *Livermore* v. *Aldrick*, 5 Cush.

431; *Swafford* v. *Whipple*, 3 G. Greene, 261, and cases there cited.

6. The statute of limitations commences to run from the time plaintiff could have commenced his action to recover the purchase-money or (in this case) from the refusal of the defendant to specifically perform. 2 Parsons on Con. 371; *Little* v. *Blunt*, 9 Pick. 488; *Eames* v. *Savage, Admr.*, 14 Mass. 425; 2 Greenl. on Ev. § 435; *Montgomery* v. *Chadwick*, 7 Iowa, 114.

WRIGHT, J.— The theory of the court below, without doubt, was, that defendant was liable for a breach of his undertaking, from and after the 1st of November, 1866, and that the plaintiff's right of action was complete. By allowing six per cent on the amount paid from that time to date of judgment, and adding a small tax bill, provided for in the bond, we have just about the amount of the judgment. So that plaintiff received the consideration money paid, with interest from the time of the breach. And that he was entitled to at least this much, is not denied, and could not well be, provided his claim is not barred, in whole or in part, by the statute of limitations.

LIMITATION,
STATUTE OF:
vendor and
vendee.

We cannot agree with appellant's counsel, that this is an action for money had and received. On the contrary, we understand that the pleader states the facts, sets out the written agreement, a compliance with its terms on his part, the breach on defendants, and then claims so much as damages. It is true that he limits his claim to the consideration paid, and some small sums for improvements. The latter were not allowed. And the fact that he did not claim and did not recover more or other damages, should not be allowed to bar his action, if in fact it was commenced in time.

Actions founded on unwritten contracts must, under

Deming v. Haney.

the statute, be brought within five years, and those founded on written contracts, within ten years, after their causes accrue, and not afterward. Rev. § 2740. This was founded upon the written contract, as we understand it, and was commenced within ten years from the time of the last payment, and, of course, within the same time after the demand for a deed and the refusal.

On the latter date the contract was broken; then the statute attached, for the plaintiff could have commenced this action. Defendant's undertaking was to make a deed, not, it is true, upon demand, and yet, without a demand, plaintiff could not have treated the contract as violated and recovered damages for the breach. This being his contract, it is not as though he had given a note for money payable on demand (in which case the statute would run from the date of the note), but rather a case where there was no liability until demand, on which the statute would run, not from the time of the promise, but of demand. In other words, the ten years is to be counted from the time when plaintiff could have commenced his action; and, as this was less than the statutory period, it was not barred. 3 Parsons on Contracts, 90; *Little* v. *Blunt*, 9 Pick. 490; 2 Greenl. Ev. § 435; *Picquet* v. *Curtis*, 1 Sumner, 478; *Sweet* v. *Irish*, 36 Barb. 467; *Eames* v. *Savage*, 14 Mass. 425; *Odlin* v. *Greenleaf*, 3 N. H. 270; 2 Penn. 446.

And as he recovers for defendant's breach of his bond, it makes no difference that nothing was said therein about the third note. He undertook to convey, failed to do so, and, though nothing had been said about notes or payments, plaintiff, for such failure, was at least entitled to the sum by him paid, with interest. The recovery is for the breach of the written agreement, and not as though plaintiff was suing for money had and received.

Affirmed.