THORPE BROTHERS v. DURBON ET AL.

1. **Lien:** CHANGE OF.    In exchanging one form of security for another for the same debt, no other lien can intervene and become paramount thereto.

2. ————: MORTGAGE: MECHANIC'S LIEN.    Where the vendee of real estate under a verbal agreement of purchase erected thereon a building to which a mechanic's lien attached, and subsequently thereto he received a deed and executed a mortgage for the purchase money, *held* that the lien of the mortgage was paramount to the mechanic's lien.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, DECEMBER 13.

ACTION to foreclose a mortgage upon premises owned by the defendant, Durbon.    The defendants, N. J. Wolcott & Co.

and C. R. Davis, hold mechanic's liens on the premises. Prior to the time of the commencement of the work and the furnishing of the materials for which the mechanic's liens are claimed, July, 1874, the premises were owned by the plaintiffs. During that month a verbal agreement was entered into between plaintiffs and defendant, Durbon, whereby they sold to him the premises in question for the sum of $3,500. No part of that sum was paid, however. The plaintiffs retained the legal title until August 16, 1874, when they conveyed the premises to said Durbon and took a mortgage from him to secure the purchase money. The deed to Durbon and mortgage from him to plaintiffs were filed immediately for record.

Between the time of the said verbal agreement and the time of the execution of the deed and mortgage the said mechanics, by virtue of a contract with Durbon, performed labor and furnished materials in the erection of a building upon the premises, and they claim that their lien therefor is paramount to the plaintiffs' mortgage. The Circuit Court decreed that the mortgage was paramount.

The holders of the mechanic's liens appeal.

*Bronson & Leroy* and *E. M. Carr*, for appellants.

*S. G. Van Anda*, for appellees.

ADAMS, J. — I. One of the questions discussed by counsel is as to whether Durbon was the owner of the premises prior to the time of the conveyance to him, August 16, 1874. It is claimed by the plaintiffs, the mortgagees, that he was not, and that whatever labor and materials were furnished for Durbon by the mechanics for the erection of a building on the premises prior to that time were not furnished by virtue of a contract with the owner of the premises, and that they did not, therefore, acquire any lien prior to that time.

In our opinion, however, the plaintiffs might concede that Durbon became the equitable owner of the premises before any materials were furnished or work done. Until the execution of the deed and mortgage the plaintiffs held the legal

1. LIEN:
change of.

title for their security, and afterwards they held the mortgage. In changing one form of security for another for the same debt no other lien could intervene and become paramount thereto. *Parsons v. Hoyt*, 24 Iowa, 154; *Packard v. Kingman*, 11 Iowa, 219.

II. The building erected by the mechanics adjoins another building previously erected on the premises. Whether it is built into and so incorporated with the other as that it cannot be removed under the decision of *Getchell v. Allen*, 34 Iowa, 559, is a question which we should regard as by no means free from difficulty if the case were triable here *de novo;* but it is not so triable. It does not appear that the evidence was reduced to writing, and the case is presented on assignment of errors. The evidence is conflicting, and the decision of the court below that the building cannot be removed must be regarded as correct.

2.——: mortgage: mechanic's lien.

                                                    AFFIRMED.