McPheeters v. Wright.

Filed April 21, 1887.

———————◆———————

No. 11,930.

## McPheeters v. Wright.

QUIETING TITLE.—*Complaint.*—A complaint to quiet title need not specifically set forth the claim of the defendant, but if it undertakes to do so and thereby shows that the defendant's is the better title, the complaint will be bad on demurrer.

SCHOOL LANDS.—*Sale by Public Officers.—Lapse of Time.—Presumption of Validity.—Quieting Title.—Complaint.*—It is not necessary, in a complaint to quiet title, to allege all the facts essential to establish the regularity of a sale made by public officers forty years previously; it is enough to aver generally that there was such a sale, for after such a lapse of time it will be presumed that the officers did their duty and that the sale was valid.

SAME.—*Notice.—Petition by Voters.*—Where school land was sold in 1847, and for non-payment of interest due on the purchase-money was again sold in 1883, four weeks' notice of the latter sale was sufficient under the law then in force, and no petition from the voters of the township was necessary, such petition being required only when the land is first offered for sale.

SAME.—*Public Auction.—Private Sale.*—Under section 4345, R. S. 1881, sales of school lands must be made at the door of the court-house of the proper county, at public auction. Section 4351 authorizes a private sale only where the land has been offered for sale at public auction and remains unsold.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellant.

*H. G. Zimmerman*, for appellee.

ELLIOTT, C. J.—The first paragraph of the appellee's complaint alleges that he is the owner of the land described in it; that the land was sold to Adam Dingman on the 12th day of April, 1847, by the auditor and the school commissioner of Noble county, after having been duly advertised for sixty days; that it was forfeited for non-payment of the interest due on the original purchase of the land, for the years 1878 to 1883, inclusive, and, after having been advertised for sale for four weeks according to law by the auditor and treasurer, it was, on the 5th day of April, 1883, openly sold and struck off at public auction, at the court-house door, to John B. Wright for $1,500, and Wright having paid the amount of $465 on the purchase-money and the interest in advance, the auditor and treasurer executed to him a certificate of purchase.

It is also averred that the appellant claims some interest in the land adverse to the appellee. Prayer that the title be quieted in the plaintiff.

The second paragraph does not materially differ from the first, except that it sets forth the facts more particularly, and does not aver that the land was sold at public auction.

The third avers that the relation of landlord and tenant exists, and that the defendant wrongfully detains the land from the possession of the plaintiff.

The appellant's counsel are right in asserting that where title is specifically pleaded, the particular allegations will control the general statements of the pleading. *Reynolds* v. *Copeland*, 71 Ind. 422; *Richardson* v. *Snider*, 72 Ind. 425; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Spencer* v. *McGonagle*, 107 Ind. 410, and cases cited.

It is not necessary for a plaintiff, who seeks to have his title quieted, to specifically set forth the claim of the defendant; it is enough to aver that the defendant claims some title adverse to that asserted by the plaintiff. This rule is derived from the common law doctrine, that it is not necessary to particularly plead matters which are peculiarly within the knowl-

edge of the defendant. *Marot* v. *Germania Building, etc., Ass'n,* 54 Ind. 37; *Jeffersonville, etc., R. R. Co.* v. *Oyler,* 60 Ind. 383; *Woodworth* v. *Zimmerman,* 92 Ind. 349, see p. 352; *Rausch* v. *Trustees, etc.,* 107 Ind. 1, and cases cited.

If, however, the plaintiff should undertake to set out the title of the defendant specifically, and, in doing so, should show that it was the better title, then the complaint would be bad on demurrer.

The complaint before us must be tested by applying the law to the facts specifically pleaded, for if, under the law, the defendant's appears to be the better title, or if the plaintiff's title appears not sufficient to entitle him to recover on its own strength, then the complaint must be held bad. As the first and second paragraphs of the complaint specifically plead the title founded upon the sale made by the auditor and treasurer in 1883, it must appear that the sale was valid, or else the title of the plaintiff is not sufficient to entitle him to recover.

It is insisted by the appellant, that the sale made in 1847 is invalid, because it does not appear that a petition was filed asking for the sale of the land. We do not think that the plaintiff puts his title upon that sale, although it is referred to, but that he rests it upon the sale made in April, 1883. It was not necessary, therefore, for him to plead all the facts essential to establish the regularity of the sale made nearly forty years ago; it was enough for him to aver generally that there was such a sale made by sworn officers, for, after such a lapse of time, it will be presumed that the officers did their duty, and that the sale was valid. 3 Washb. Real Prop. (5th ed.) 222.

It is contended that the complaint shows affirmatively that the advertisement for the sale in 1847 was not such as the law required, and that the sale was for that reason invalid. This objection can not be answered, as was the one just discussed, for the complaint describes the advertisement, and the presumption referred to can not fully apply; but the ad-

vertisement was for sixty days, as the law then in force required, and, of course, the sale is not impeachable on the ground of the insufficiency of the notice. R. S. 1843, p. 263.

As the complaint shows that the notice was that prescribed by the statute, the presumption of which we have spoken supplies all the other requisites. *Prima facie*, at least, the sale was valid.

The sale of 1883 is attacked upon the ground that the notice of the sale was published for four weeks, when it should have been, as counsel claim, published for sixty days. The statute of 1843 did undoubtedly require sixty days' notice, but in 1863 the law was changed and a notice of four weeks declared sufficient. If the latter statute governs, then the notice was sufficient, otherwise it was not. We think this question is decisively settled in favor of the appellee. *Patterson* v. *Cox*, 25 Ind. 261; *Jones* v. *Hopkins*, 26 Ind. 450; *Moor* v. *Seaton*, 31 Ind. 11.

Section 4347 of the statutes provides, that on failure to pay interest the land shall revert to the township, "and the auditor and treasurer shall proceed, forthwith, again to sell the same, in like manner and on the terms above specified."

This provision invests the auditor and treasurer with authority to sell in all cases where the interest is unpaid, and it does not require any petition from the voters of the township. A petition from the voters of the township is only required under the provisions of section 4344, when the land is first offered for sale; but no such petition is required after the land is once sold, and it becomes necessary to sell it for a failure to pay the principal or interest of the mortgage executed to secure the purchase-money.

The first paragraph of the complaint avers that the land was sold at public auction, and this averment answers, so far as concerns this paragraph, the objection of the appellant that the law requires land to be sold at public auction, and that this land was not so sold.

The second paragraph of the complaint avers that the land

was sold to the plaintiff at the door of the court-house, but it does not aver that it was sold at auction. We think the want of this allegation renders the second paragraph of the complaint bad on demurrer. The authority to sell is a statutory one, and the mode prescribed by the statute must be pursued. *Platter* v. *Board, etc.,* 103 Ind. 360, see auth. p. 378 ; Rorer Jud. Sales, 296. The statute says the sale shall be made at the door of the court-house of the county, " at public auction." R. S. 1881, section 4345. The words of the statute are mandatory, and must be obeyed.

Section 4351 authorizes a private sale only in cases where " land offered for sale at public auction shall remain unsold," and can not apply to this case, for it does not appear that this land had ever been offered for sale at public auction.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the complaint.

Filed Mar. 9, 1887; petition for a rehearing overruled June 28, 1887.