CHARLES BREBNER, Appellant, v. R. P. JOHNSON *et al.,* Appellees.

Judgment: LIEN: EQUITABLE TITLE.   A judgment will not attach as a lien upon real estate, the legal title to which is held by the judgment-debtor merely in trust for one who has entered into possession thereof under an oral contract of sale.

*Appeal from Worth District Court.*—HON. J. C. SHERWIN, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION in chancery to declare certain lands owned by the plaintiff free from the lien of a judgment against his grantor, and to set aside a sheriff's sale under the judgment, and the certificate issued thereon, and to enjoin the execution of a sheriff's deed.   After a trial on the merits, a decree was entered, dismissing the plaintiff's petition, from which he appeals.—*Reversed.*

*L. S. Butler* and *Cummins & Wright,* for appellant.

*Pickering & Hartley* and *John Cliggett,* for appellees.

BECK, C. J.—I. The facts of this case, as disclosed by the pleadings and evidence, are these:   The plaintiff made an oral contract for the purchase of the land

involved in this suit with Mrs. Emeline Bigelow, the owner thereof. The plaintiff, being unable to make payment when the sale was made, time therefor was extended to him by Mrs. Bigelow. The plaintiff testifies positively that it was agreed that he should at once enter into possession of the land, which he did soon after the sale. There is no evidence contradicting this testimony, but it is shown that he did take possession of the land before the defendants acquired any right in the judgment, and before Mrs. Bigelow executed the deed to the land, which will be hereafter referred to, under which it is claimed they became subject to the judgment. It quite clearly appears that the plaintiff held possession of the land, and did plowing on it, before the defendants acquired any claim to a lien on the land. Mrs. Bigelow was in bad health, and to secure a transfer of the title to the plaintiff, without delay or expense, upon the advice of an attorney, she executed to her husband, Roswell Bigelow, a deed, intending that he should hold the land in trust until it was paid for, when he should convey it to the plaintiff. He had no claim, right or interest in the land, and he accepted the conveyance for no other purpose than to protect the plaintiff, and secure to him a conveyance of the land upon payment of the purchase money without delay or expense. These facts are clearly established. After the conveyance of the land to Roswell Bigelow, the defendant Johnson acquired, by assignment, a judgment against him, upon which an execution was issued, and the land levied upon and sold thereon. The defendant Johnson had notice of the plaintiff's claim and interest in the property before he bid it off at sheriff's sale. These facts are clearly and satisfactorily established by the evidence. The controlling fact, that Roswell Bigelow held the naked legal title to the land, with the full and complete equitable title in the plaintiff, is established, we think, beyond question.

II. The lien of the defendant's judgment did not rest upon the land so as to reach the plaintiff's interest. "In enforcing judgment liens the law looks for the equitable interest in the lands. If the defendant have not such interest, and holds the legal title, the lien does not attach; if he have such interest, and another have the legal title, the lien will attach." *Rice v. Keso,* 57 Iowa, 115. See 1 McClain's Digest, p. 995, sec. 534, *et seq.,* for other decisions of this court on this point. This familiar rule of the law, applied to the undoubted facts, disposes of the case. The plaintiff, under a parol contract for the purchase of the land, took and held possession of it. The deed to Roswell Bigelow was executed for the plaintiff's benefit, and to secure to him the legal title, having been before acquired by him by the oral sale and possession under it. The judgment is not a lien upon the lands, for it is not against the holder of the equitable title, and the holder of the legal title against whom the judgment stands at no time held the equitable title. These considerations dispose of the case. Other questions need not be discussed. The judgment of the district court is reversed, and the cause is remanded for a decree in harmony with this opinion, or, at the option of the plaintiff, such decree may be entered in this court. REVERSED.