THE SIOUX CITY ELECTRICAL SUPPLY COMPANY v. THE SIOUX CITY AND LEEDS ELECTRIC RAILWAY COMPANY, *et al.,* Appellants.

**Liens:** PRIORITIES. A mortgage executed on corporate property prior to the time a contractor furnished labor and material, and which was thereafter discharged of record, is not entitled to priority as a continuing lien by reason of an unrecorded written agreement that the corporate bonds secured by a trust deed should be sold and creditors including the mortgagee paid with the proceeds

and the rule that the lien of the mortgage is presumed to continue until the debt is paid notwithstanding any change in the evidence of the debt, has no application.

SAME.   The lien for labor and material furnished for "improvements and repairs" is superior to a deed of trust on the property executed after the work and materials were furnished.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 25, 1898.

ACTION for judgment and for decree establishing and foreclosing a mechanic's lien for four hundred and eighty-eight dollars and eighty-eight cents and interest, on the defendant's property. The Guarantee Trust Company and W. E. Higman were made defendants, as claiming a lien or interest in the property. The defendant railway company alone answered, joining a number of issues, only one of which is discussed on this appeal, namely, the right of the plaintiff to priority over certain other liens. Judgment and decree were rendered in favor of the plaintiff as prayed. The defendant railway company appeals.—*Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*Roberts & Roberts* and *J. M. Cleland* for appellee.

GIVEN, J.—Plaintiff's claim is for labor and material, the first item of which was furnished November 10, 1892, and the last February 27, 1893. The statement for a lien was filed June 27, 1893. The evidence leaves no doubt but the items charged were furnished in pursuance of a contract with the defendant appellant, and that plaintiff is entitled to a lien therefor. On August 10, 1892, the defendant company executed to the Guarantee Trust Company a mortgage on all its property to secure the payment of its promissory notes aggregating thirty thousand dollars. As of date January 1, 1892, appellant executed a deed of trust to Gilman, Son & Co., trustees, to secure the payment of its bonds to the amount of two

hundred thousand dolllars, of which one hundred and twenty-five thousand dollars were to be issued at once, and the remainder on future contingencies. The evidence shows beyond question that this deed of trust was in fact executed January 1, 1893, instead of 1892, and that the same was unintentionally erroneously dated as January 1, 1892. There is a dispute as to whether the labor and material furnished by the plaintiff were for the original construction and equipment of the railway, or for improvements thereon. We are inclined to think that part was for construction, and part for improvements; but, as we view the case, the contention is immaterial. Let it be conceded that the labor and material were all for improvements and repairs, and that, therefore, the lien did not attach from the commencement of the construction; yet, being furnished before the execution of the deed of trust, it is entitled to priority over the deed.

The mortgage to the Guarantee Trust Company is prior in point of date to the furnishing of the labor and materials; but it appears that on April 8, 1893, the company executed a release of its mortgage, which was filed for record April 17, 1893, reciting that said mortgage "is redeemed, paid off, satisfied, and discharged in full." It appears that on the third day of April, 1893, an agreement in writing was entered into between appellant and certain of its creditors, including the Guarantee Trust Company, by which certain of its bonds secured by said trust deed were to be placed in the hands of E. W. Skury, as trustee, to sell the same, and to pay said creditors with the proceeds in the order named. It does not apppear that said agreement was placed on record. Appellant's counsel contend that, notwithstanding the satisfaction of said mortgage, the security of the Guarantee Trust Company continued, by virtue of said agreement and the trust deed. Many authorities are cited to the effect that the lien of a mortgage is presumed to continue until the debt is paid, and that a change in the form of the evidence of the debt, such as substituting new notes or bonds, does not extinguish the lien. Among those cited, we mention Jones, Corporation Bonds, 318; *Sloan v. Rice,* 41 Iowa, 465; *Swan v.*

*Yaple,* 35 Iowa, 248; *Thorp v. Durbon,* 45 Iowa, 192. The cases cited are not in point. This is not a case where the evidence of the indebtedness was changed, and the security left open upon the record. Unlike any of those cases, this security was canceled, and all presumptions as to its continuance ended. It was therefore, as to third persons, as if no such mortgage had ever been given. The judgment and decree is manifestly correct, and it is AFFIRMED.

LADD, J., took no part.