The judgment appealed from is *affirmed*.

---

ED. S. CODY, Appellee, v. G. H. WILTSE, ET AL., Appellants.

Quieting title: FORFEITURE OF CONTRACT: NOTICE. The vendor of
1  land, under a contract containing no provision for forfeiture on default of vendee, cannot maintain an action to quiet his title upon the vendee's breach, as an adequate legal remedy exists: nor will service of notice of forfeiture under Code Section 4299, aid his right of action to quiet title, as the statute only applies to those contracts which make provision for forfeiture.

Sale of land: BREACH OF CONTRACT: RECOVERY OF PURCHASE MONEY
2  BY VENDEE. Where the vendor of land was ready to furnish his abstract within the time provided in his contract, and it was not delivered to the vendee because his whereabouts was not known, but was delivered to his own agents, as authorized, the vendee could not recover back the sum paid on the contract on the ground of failure to furnish the abstract.

*Appeal from Monona District Court.*— HON. WM. HUTCH-INSON, Judge.

FRIDAY, MARCH 9, 1906.

ACTION in equity to quiet title to real estate. There was a decree in favor of plaintiff, as against defendant G. H. Wiltse by default, and as against defendant E. F. Short after trial upon issues joined. The defendant Short appeals.— *Reversed* in part, and *affirmed* in part.

*J. A. Henderson,* for appellant.

*E. L. Conlin* and *A. Kindall,* for appellee.

BISHOP, J.— In June, 1902, plaintiff, a resident of Monona county, and then the owner of the lands in ques-. tion, and the defendants Wiltse and Short, then residents of Greene county, entered into a contract in writing in respect of such lands, the material provisions thereof being as follows:

The first party [Cody] had bargained and hereby sells and agrees to convey by warranty deed on or before March 1, 1903, to said parties of the second part [Wiltse and Short] the following described real estate [describing the lands in question]. The said second parties agree to purchase the real estate described . . . at and for the price of ten thousand eighty dollars, payable as follows: Five hundred dollars cash in hand, and the balance on or before March 1, 1903. Said first party agrees to furnish abstract of title in a reasonable time, showing a good and satisfactory title of record to said lands, free of incumbrances except such liens or incumbrances created or imposed thereon by second party, or his assigns, since the execution of this contract. And said second party agrees to return said abstract within a reasonable time after receiving same, together with written objections to title, if said title is not found to be according to terms of this contract; and said first party to have a reasonable time after receiving said objections to title in which to correct same. Said first party agrees, . . .

when conditions of this agreement have been fully complied with [to execute], a warranty deed, and abstract of title, and give possession on or before March 1, 1903.

It is conceded that there was paid to plaintiff at the time of the agreement the sum of $500 as provided for therein. No further payments were made, and in August, 1903, this action to quiet title was commenced. In his answer, defendant denies the right of plaintiff to a decree as prayed; in a counterclaim, he seeks to recover back the sum of $500 as paid by him, and this upon the facts, as alleged, that an abstract of title was not furnished him for examination until within a few days prior to March 1, 1903; that upon examination thereof by his attorney it was found that the title was defective in many respects, and which defects are pointed out in an opinion by the attorney; that plaintiff has neglected and refused to correct and remove such defect. It is further alleged that subsequent to March 1, 1903, plaintiff incumbered the lands by mortgage to secure an indebtedness not to be due until the year 1908, and that he thereby made it impossible for him to convey pursuant to said agreement. An assignment of all interest held by Wiltse in and to the contract, to defendant Short is also alleged. In a reply plaintiff makes denial of any breach of the contract on his part; he admits the execution of the mortgage, but alleges that the same is subject to payment at any time, and he asserts that he has been at all times and is now ready, able and willing to convey the lands in accordance with the contract provisions.

The fact situation, apart from what has already been stated, involves more or less of controversy. In our statement which follows we shall attempt no more than to present the conclusions that arise from our reading. The contract between the parties was brought about through Craven & Co., real estate agents at Onawa, Monona county. It appears to have been understood at the time thereof that an action to quiet title by plaintiff as against certain persons

was necessary to perfect his title of record, and this was to be done at an ensuing term of court, and so that the abstract could be completed and ready for examination by January following. It would seem that the lands were desired by defendants for the purposes of speculation, and, immediately after the execution of the contract, defendant Short authorized the said firm of real estate agents to negotiate a resale thereof. And in connection therewith Short instructed plaintiff to make delivery of the abstract when completed to said agents, and this was done in January. In the meantime no communication was had between the parties in interest, or with said agents, except that in August Short wrote to Craven & Co. making inquiry as to the condition of the land, and again in September urging them to find a purchaser as soon as possible. In neither letter was the matter of the abstract mentioned. Upon receipt of the abstract in January, Craven & Co. notified defendants respectively thereof by letter. Wiltse responded saying that he had no further interest in the matter; that he had assigned to Short. It appears that the latter had now removed to the State of Colorado. Upon learning this, and their letter to him remaining unanswered, Craven & Co. in February sent the abstract to Wiltse. On February 26th, Short wrote to plaintiff saying:

As I have failed to receive an abstract from you as per contract it has made it impossible for me to make any arrangements to close the deal. . . . Of course I know nothing about the title, and by your failure to comply with contract I am unable to comply with mine. So the only way I see out of it is for you to return the money that was paid down and we will return contract to you.

To this plaintiff at once responded saying that the abstract had been in the hands of Wiltse for a month; that it was not sent to him (Short) because they did not know his address. The letter closes with an offer to extend the time

of performance for a month. It would seem that Wiltse forwarded the abstract to Short, for on March 13th the latter returned it to plaintiff with an attorney's opinion pointing out defects considered to appear on the face thereof. In his letter accompanying the abstract Short closes by saying: " As the matter stands I see nothing to do but to return my money and cancel our contract." Plaintiff took no steps to perfect the title in conformity with the attorney's opinion, but on April 4, 1903, he served a notice upon defendants which recited in substance that unless settlement under the contract was made within 30 days, cancellation would be declared by him. Some further correspondence was had, the defendant repeating his demand for repayment, and plaintiff declining to accede thereto, but offering to convey upon payment being made.

I. Counsel for appellant contends for error in the decree in so far as thereby the title of plaintiff was assumed to be quieted. We think this contention must be sustained.

1. QUIETING TITLE: forfeiture of contract: notice.

That a contract to convey real estate vests in the vendee an interest in the property cannot well be doubted. Upon full performance of the things stipulated in the contract he is entitled to conveyance of the fee, and it is the right of the vendor to retain the title until such performance is had. The rights of the parties in most essentials are regarded as similar to those of mortgagor and mortgagee, and they are so treated both in the statute and the adjudicated cases. Code, sections 4297, 4298; *Dukes v. Turner,* 44 Iowa, 575; *Thorpe v. Durbon,* 45 Iowa, 192. It will be observed that the contract in question does not provide that time shall be regarded as of the essence thereof, nor is there any provision for forfeiture. We have no occasion, therefore, to consider what would be the rights of the parties if such a provision had been embodied in the contract. And in the absence of any provisional agreement therefor, a mere failure to pay will not of itself work a forfeiture. Forfeitures are not favored in

law, and equity will never lend its aid to the arbitrary cutting off of legal rights and interests, especially where otherwise the vendor has an adequate remedy for the enforcement of his rights. That, for the breach of a condition subsequent — as in this case, a mere failure to pay at a time fixed — remedies ample for the purpose are open to the vendor cannot be the subject of question. He may sue on the contract as at common law to recover the purchase price, or he may proceed under the statute to foreclose. Code, section 4297; *City of Marshalltown v. Forney*, 61 Iowa, 578; *Brown v. Ward*, 110 Iowa, 124.

The service of a 30-day notice by plaintiff did not have the effect to create a forfeiture enforcible in equity. As well say that upon default in payment a mortgagee may foreclose and cut off all the rights and interests of his mortgagor by merely serving notice of forfeiture. The statute relating to forfeitures under contracts of sale has application only to those cases where the contract itself makes provision for a forfeiture. Code, section 4299. Moreover, an action to quiet title presupposes complete title in the plaintiff as against the defendant. And the action must fail if it shall be made to appear that in fact the defendant has some real interest in the property as distinguished from a mere apparent or asserted right. And in such cases the court will not stop to measure the extent of the interest of defendant. If real and substantial in character, it is enough. 17 Ency. Pl. & Pr., 340, citing *McPheeters v. Wright*, 110 Ind. 519 (10 N. E. 634); *Ragsdale v. Mitchell*, 97 Ind. 458; *Swart v. Boughton*, 35 Hun (N. Y.) 281. It follows from what we have said that in so far as the decree assumes to quiet title in plaintiff it was erroneous and must be reversed.

II. Coming to the issue under the counterclaim, we think the record presents no ground upon which defendant can be accorded a recovery. To begin with, the fact that the abstract of title did not sooner reach his hands cannot be ascribed to any fault on the part of plaintiff. It was

ready for delivery in January, and it is fair to assume that

2. SALE OF LAND: breach of contract; recovery of purchase money by vendee.

it would have been delivered at that time had defendant manifested enough interest in the contract to reveal his whereabouts. So, too, we think the record warrants a finding that a delivery thereof to the real estate agents was authorized by defendant, and as such delivery was made it amounted to a delivery to him. In short, the situation presents simply an action by a vendee in default to recover back the sum paid by him upon the contract price. It is therefore ruled in all respects, by *Downey v. Riggs,* 102 Iowa, 88. See, also, *Claude v. Richardson,* 127 Iowa, 623.

> *Reversed* in part. *Affirmed* in part.