WILLIAM T. CUMMING, Appellee, v. FIRST NATIONAL BANK OF SIGOURNEY, Appellant.

**JUDGMENT: Lien—Land Under Contract of Sale.** A judgment is not a lien on land which, though standing in the name of the judgment defendant, is under valid, unconditional contract of sale at the time of the rendition of the judgment.

Headnote 1:   34 C. J. p. 598.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

MARCH 10, 1925.

ACTION to quiet title in plaintiff to certain real estate, as against the claimed lien of the defendant bank, arising on a judgment in its favor against plaintiff's vendor of the land described in the petition. The opinion states the facts. From a decree finding the equities in favor of plaintiff, the defendant appeals.—*Affirmed.*

*Willcockson & Willcockson,* for appellant.

*Stockman & Baker,* for appellee.

DE GRAFF, J.—Two events of primary significance are involved in the consideration of this appeal: (1) the contract of sale of the land in question between the plaintiff and his vendor (not a party to this action) on October 16, 1922; and (2) the judgment obtained by the defendant against plaintiff's vendor on December 8, 1922. The relation of these two facts gives rise to the one question to be determined in this case: Did the judgment in favor of the defendant create a lien on the land

which was, at that time, under contract of sale between the judgment debtor and the plaintiff? The record shows that, on the 16th day of October, 1922, one W. W. Parkhill, as owner, executed a contract with plaintiff for the sale of the real estate described in the petition, and by the terms thereof Parkhill agreed to sell and convey to plaintiff, by good and sufficient warranty deed, on January 2, 1923, the said parcel of real estate, and in consideration thereof plaintiff agreed to pay $5,100 cash on said date. The contract was fully consummated by the performance of its terms, and a deed pursuant to the contract was executed by Parkhill and wife to plaintiff on December 16, 1922. No condition or contingency is found in the contract in question, except that either party reserved the option to cancel the contract and be released from liability thereunder by electing so to do at any time on or before October 23, 1922. This condition, however, is not material in the determination of this case, as neither party elected to cancel said contract under the provision thereof, and the contract was in full force and effect on the date that Parkhill confessed judgment in the sum of $2,640.63 in favor of the defendant bank, to wit, December 8, 1922. On this date, the agreement was not a mere option, but constituted a valid contract, and subject to specific performance. Here a landowner enters into a contract of sale, whereby the purchaser agrees to buy and the owner agrees to sell. The vendor retains the legal title until the purchase money is paid. No other condition is attached. Under such circumstances, the ownership of the real estate, as such, passes to the purchaser; and from that time forth the vendor holds legal title as security for his debt, and as trustee for the purchaser. *In re Estate of Miller*, 142 Iowa 563. This is the recognized rule in Iowa. The title in equity passed to the vendee. It is not dependent upon a conveyance nor upon the payment of the purchase money; nor is possession or delivery of possession a necessary incident. *O'Brien v. Paulsen*, 192 Iowa 1351. Had the vendor died before the deed passed, his personal representatives would take; had the vendee died, his heirs would take. A judgment creditor is not a subsequent purchaser for value of the land. His right can rise no higher than that of his debtor in the land; and, therefore, an unrecorded contract affecting such land is para-

mount to the rights of such judgment creditor. The vendor's interest being personal property, it necessarily follows that a judgment obtained against the vendor after the date of such contract does not become a lien upon the land. *Beaver v. Ross,* 140 Iowa 154; *Brebner v. Johnson,* 84 Iowa 23. This does not deny a remedy to the judgment creditor. *Scott v. Mewhirter,* 49 Iowa 487.

We have stated the one pertinent and controlling question; and, our decisions having affirmatively made answer, the proposition of appellant is outside the range of further discussion. The vendor's interest was not real estate, to which the lien of defendant's judgment would attach.

The trial court ruled correctly, and the decree entered is— *Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.