Michael **BECKMAN**, Appellee,

v.

Dorothy **KITCHEN**, Appellant.

No. 97–1864.

Supreme Court of Iowa.

Sept. 9, 1999.

Robert J. Cowie, Jr. of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellant.

G.A. Cady III of Hobson, Cady & Cady, Hampton, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, TERNUS, and HARRIS,* JJ.

NEUMAN, Justice.

This is an appeal and cross-appeal from a district court's order for specific performance of a real estate contract. The court held the parties to the bargain they struck, and entered an award of attorney fees to cover the buyer's expense of enforcing it. We affirm the district court's judgment and remand for an additional award of appellate attorney fees.

Michael Beckman offered to buy, and Dorothy Kitchen agreed to sell, the following real estate located in Howard County, Iowa:

> Lot One (1) in Lot A and Lot C of the East Half of the Southwest Quarter of the Northeast Quarter of the Southeast Quarter (E ½ SW ¼ NE ¼ SE ¼), the Southwest Quarter of the Southeast Quarter (SW ¼ SE ¼) excepting therefrom Lot A, the Southeast Quarter of the Southeast Quarter (SE ¼ SE ¼), Lot Two (2) in Lot A in Lot Nine (9) of the Irregular Survey of the West Half of the Southwest Quarter (W ½ SW ¼) all in Section Eleven (11), Township One Hundred (100) North, Range Thirteen (13) West of the 5th P.M., Howard County, Iowa.

The parties agreed on a purchase price of $153,000, payable in installments over a twenty-year period. The contract was further subject to Beckman obtaining a "young farmer's loan" to finance the transaction. The record reveals that the interest payments on such loans are tax exempt, thus benefiting the seller as well as the buyer.

Although the contract recited possession would be given on or before March 1, 1996, the contract contained no closing date. When Beckman learned that farm real estate purchases up to $250,000 could be financed through the young farmer's loan program, he offered to buy additional acres from Kitchen. She declined his offer but agreed to delay closing their transaction until he had an opportunity to bid on another farm at an auction to be held April 6, 1996. This controversy arose because as soon as Kitchen learned Beckman was unsuccessful at the auction she summarily rescinded their contract by letter. Her letter based the rescission on Beckman's "failure to perform in a timely manner."

Beckman responded by filing a suit in equity for specific performance. Following trial, the district court found Kitchen acquiesced in extending the deadline to close the sale and could not thereafter

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

rescind the contract without notice to Beckman setting a date certain for performance. The court also ruled Kitchen's attempted rescission constituted a "seizure" of agricultural property triggering the mediation requirements of Iowa Code section 654A.6 (1997).[1] Finding Beckman was not in default, the court awarded him the right to tender performance under the contract within 110 days. It also entered judgment against Kitchen for attorney fees and costs of $5500 incurred by Beckman to enforce the contract.

Kitchen appeals and Beckman cross-appeals. Kitchen seeks reversal on the ground Beckman's failure to perform in a timely manner justified rescission of the contract without further notice. She also claims the mediation requirements of Iowa Code chapter 654A are inapplicable under the circumstances. Beckman contends on cross-appeal that his right to specific performance should not be conditioned on securing a young farmer's loan; the court erred, he claims, in failing to recognize his right to satisfy the contract in cash. Beckman also characterizes the court's attorney fee award as abusively low.

■ Because the case was tried in equity, our review is de novo. *Breitbach v. Christenson*, 541 N.W.2d 840, 843 (Iowa 1995). Further facts will be detailed as they pertain to the issues on appeal.

■ I. Kitchen's argument for reversal rests on her claim that Beckman failed to timely perform under the contract, thereby triggering her right to rescind and invalidating Beckman's right to seek specific performance. Her premise, however, is shaky. Rescission is indeed a recognized remedy upon proof of breach.

*Krotz v. Sattler*, 586 N.W.2d 336, 339 (Iowa 1998). The question is whether Kitchen has shown Beckman breached the contract. Like the district court, we think not.

■ A long settled rule of equity holds that, in contracts for the sale of real estate, time for performance is not considered "of the essence" unless the contract expressly so states or the condition is necessarily implied. 77 Am.Jur.2d *Vendor & Purchaser* § 72, at 258 (1975). Thus courts which have found a waiver or extension of an express or reasonable time for performance of a land contract routinely recognize that, in order to treat the contract as at an end, the vendor must notify the vendee of the requisite performance date. Janet Fairchild, Annotation, *Necessity & Reasonableness of Vendor's Notice to Vendee of Requisite Time of Performance of Real–Estate Sales Contract after Prior Waiver or Extension of Original Time of Performance*, 32 A.L.R.4th 8, 12–19 (1984). Thus, for example, the Illinois Court of Appeals has held that once delays in contract performance have been waived, the waiving party cannot rescind the contract for untimely performance until it gives the other party notice and a reasonable opportunity to perform. *Bell v. Yale Dev. Co.*, 102 Ill.App.3d 108, 57 Ill.Dec. 777, 429 N.E.2d 894, 897 (1981). "[T]o be effective the notice must contain a definite and specific intent to require full compliance with the terms of the contract within a reasonable time." *Id.*

Consistent with these principles is this court's holding in *Mintle v. Sylvester*, 202 Iowa 1128, 211 N.W. 367 (1926). We said:

---

1. The statute states, in pertinent part:

    A creditor subject to this chapter desiring to initiate a proceeding to enforce a debt against agricultural property which is real estate under chapter 654, to forfeit a contract to purchase agricultural property under chapter 656, to enforce a secured interest in agricultural property under chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural prop-

erty, shall file a request for mediation with the farm mediation service. *The creditor shall not begin the proceeding subject to this chapter until the creditor receives a mediation release, . . . .*

Iowa Code § 654A.6(1) (emphasis added). Under the statute, "creditor" is defined to include "a vendor of a real estate contract for agricultural property." *Id.* § 654A.1(3).

It is well settled that, though time is not originally of the essence, or though the stipulation making it of the essence has been waived, *time will become of the essence by notice requiring performance within a reasonable time.* Failure to perform within such reasonable time may be treated as an abandonment or termination of the contract and a forfeiture of all rights under it.

*Mintle*, 202 Iowa at 1132–33, 211 N.W. at 370 (emphasis added).

Here, Kitchen voiced no objection when the March 1 possession date passed and, in fact, she agreed in late March to extend the closing for an indefinite period to enable Beckman to attend the auction in early April. Had Beckman been successful at the auction, he still would have needed a reasonable period of time to finalize his young farmer's loan application and receive notification about whether or not he qualified for the loan. Kitchen's letter of April 10 summarily rescinded the contract without warning. Under the authorities previously cited, her letter was simply insufficient to effect a rescission of the contract. The district court was correct in so ruling.

Our holding on this point makes it unnecessary to consider the applicability of mandatory mediation proceedings under Iowa Code section 654A.6.

■ **II.** Having decided Kitchen's purported rescission was ineffectual, the district court granted Beckman additional time to perform, thereby restoring the status quo. The decision to compel specific performance rests within the court's sound discretion. *Breitbach,* 541 N.W.2d at 843. Crucial to the soundness of the court's decision here was its refusal to remake the contract to suit the parties' circumstances at the time of trial. The court merely held Beckman and Kitchen to the bargain they had struck. *See id.* at 843–44 ("Although the grant of specific performance is equitable, this court will not remake or revise a contract the parties have freely agreed to; we will give the parties the benefit of the contract they have made as far as possible.").

Beckman nevertheless urged in the district court, and now asserts by way of cross-appeal, that he should be entitled to fulfill his contractual obligation by tendering the total purchase price in cash. The parties' agreement, however, provides otherwise. Kitchen's duty to perform under the contract is conditioned on Beckman making installment payments after qualifying for a young farmer's loan. *See Khabbaz v. Swartz,* 319 N.W.2d 279, 284 (Iowa 1982) (nonperformance of condition precedent–qualifying for particular financing–renders contract null and void). The district court was mindful of this condition precedent and tailored its order for specific performance accordingly. The court also wisely recognized that Beckman's opportunity to perform was derailed by Kitchen's precipitous action. It thus granted both parties reasonable time to establish compliance–or noncompliance–with the contract's terms. No ground for reversal appears.

■ **III.** Beckman also contends on cross-appeal that the court's unwillingness to award him the full amount claimed for attorney fees to uphold the contract ($10,317.92) demonstrates an abuse of discretion. We disagree. Factors pertinent to the award include the time expended, the nature of the services rendered, the amount in controversy, the relative difficulty and importance of the issues raised, and the results obtained. *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 897 (Iowa 1990). The district court's award of $5500 reflects a considered determination that Beckman's serial hiring of three separate attorneys necessarily resulted in some duplication of fees and unnecessarily expanded the scope of service necessary to vindicate his rights under the contract. No abuse of discretion has been shown.

■ Beckman is, however, also entitled to an award of reasonable attorney fees on appeal. *Vicorp Restaurants, Inc. v. Bad-*

*er*, 590 N.W.2d 518, 525 (Iowa 1999). Given that he prevailed on Kitchen's appeal, but not on his own cross-appeal, we remand for entry of judgment in his favor for $1500, an amount reflecting roughly one-half of the sum requested on appeal.

Costs on appeal shall be shared equally by the parties.

**AFFIRMED ON APPEAL AND CROSS–APPEAL, AND REMANDED.**